## W. J. MHOON vs. B. G. GREENFIELD et ux.

1. TRESPASS: *Cutting trees. Statutory penalty. Code of 1857, p. 191, art. 1.*
   The Code of 1857 (p. 191, art. 1) prescribes the penalty for cutting cypress trees on the land of another, without the consent of the owner, at $15 for each tree cut and carried away. This is an arbitrary value, without regard to its intrinsic worth or value in the market. An action for the penalty is of strict right, and must be established in evidence with reasonable certainty. It is in the nature of punishment as well as remuneration, and is merited, because it is a willful and deliberate trespass, and the trespasser cannot escape the penalty on the plea that he did not know that the plaintiff was owner of the lands from which he cut the trees. He must be reasonably diligent to ascertain.

2. SAME: *Value of trees. Waiver of the tort. Suit for value of the property.*
   Where trees are cut in violation of the statute the owner may waive the tort and sue in assumpsit for the value of the trees, as for *quantum valebat*, and if the defendant has converted the goods into money the plaintiff may recover the money for which the goods sold, treating the money as "had and received" for the plaintiff's use; and this goes on the idea of a ratification of the sale and an election to take the price whether the full value of the goods or not. But to support this a sufficient time must have elapsed, with concurrence of circumstances, to justify the inference that the goods have been converted into money.

ERROR to the Circuit Court of *Tunica* County.

Hon. E. S. FISHER, Judge.

All the facts necessary to a full understanding of the case are stated in the opinion of the court.

It is assigned for error:

1. The court below erred in giving the 1st and 3d instructions for plaintiff below.

2. In modifying the 9th charge asked by defendant below, and in not granting the same without modification.

3. The court erred in the 2d charge, given of its own motion, in charging that defendant would be liable for the statutory penalty if the trees of plaintiffs had been *negligently* cut.

4. In overruling motion for a new trial.

*H. H. Chalmers*, for plaintiff in error:

1. The record does not satisfactorily and conclusively show that any trees whatever were cut upon plaintiffs' land. Witnesses speak of trees being cut on their land, as shown by the

survey made by order of the court; but there is nothing shown as to the survey, and in fact that any report of it was ever made. If we concede that the trees were cut, it is evident that it was done by mistake, and if cut by mistake it did not incur the statutory penalty.  Perkins v . Hackelman, 26 Miss., 42–46 ; Exum v. Brister, 35 ib., 391.

In other states it is held that the statutory penalty is only incurred in cases of willful trespass.  Russell v. Ivby, 13 Ala., 131 ; 10 N. H. ; Whitecraft v. Vandervern, 12 Ill., 235 ; Cushing v. Dill, 2 Scam., 461, and see testimony of Bainbridge and Blonde.  Tested by plaintiffs' testimony alone, the verdict for the statutory penalty is wholly unsupported. Tried by the testimony on both sides it is flagrantly wrong.

While courts will not lightly disturb the verdict of the jury on a question of fact, yet where the verdict is against a great preponderance of the testimony a new trial will be granted by the appellate court, even where the circuit judge has refused to disturb the verdict.  Borrow v. Forbes, 8 S. & M., 498 ; McQueen v. Bostick, 12 S. & M., 604 ; Sims v. McIntyre, 8 ib., 324 ; Young v. Wilson, 24 Miss., 694.

New trials will be granted where there is no evidence to support the verdict.  Crockett v. Young, 1 S. & M., 241.  So, also, where the evidence does not sustain the verdict.  Oty v. McAfee, 38 Miss., 348.

2. The verdict and judgment were erroneous in awarding anything more than nominal damages, under the count, for the actual value of the trees.  No value whatever was proved.

The jury found the defendant indebted for the actual value of 700 trees at $5 per tree, making $3,500.  The court required plaintiff to abate $2,000 of this amount, leaving $1,500.  This was equally inadmissible when no value had been proved.  No recovery beyond a nominal one can be had in any form of action unless some value or some damage is proved, and in this case there were no damages or value proved—none whatever.  Every plaintiff in every form of action must make out by proof every material fact necessary for a recovery.  One of

the most essential is the damage he has sustained, or the value of the thing sued for. If he establishes everything else, and fails on this, he may have a nominal recovery, as of 1 cent, or enough to carry costs. It is impossible that he should have anything more. 2 Greenl. on Ev., §§ 106, 281, 254; Openheimer *v.* Edny, 9 Humph. (Tenn.), 385; Boston *v.* Butler, 7 East, 483; 1 Leigh's Nisi Prius, 92,93; Stark *v.* Kelly, 50 N. Y., 677; Glenn *v.* Bood, 2 Metc., 490; Laflin *v.* Willard, 16 Pick., 64; Smith *v.* Haizan, 25 Texas, 205; Frieze *v.* Cary, 29 Ind., 524.

*Chalmers & Reid*, for defendants in error:

1. The jury did not find that as many trees were cut in 1870 as Blonde stated, but gave 300 as probably a compromise between Blonde and Bainbridge's statements, and put the other 700 the year previous. Shaw was the surveyor selected by the order of the court. Blonde and Demumbre were his chain-carriers, and so stated. If this does not appear in the record it is because no point was made as to this in the court below, and counsel, in agreeing upon the testimony to be submitted to this court, did not include it. Blonde, Demumbre, and Bainbridge all state that the lumber was cut on Greenfield's land. But if this were not so, no point having been made in the court below, it cannot be considered here. Wiggle *v.* Owen, 45 Miss., 691. The boundaries may be proved by reputation. Dixon *v.* Porter, 34 Miss., 697.

The suit is technically for damages arising from a tortious act—cutting and taking trees for defendant's use—and the jury may infer a value, if none be proved. Lewis *v.* Farrish, 1 How., 547; 2 Greenl. on Ev., 255.

The trees cut are a species of property common in the country where the case was tried, and the jury might well know their value. 1 How., 547. Our supreme court have gone further, in a state case involving life and death, and said: "The jury are expected to avail themselves of such knowledge as they possess in regard to human transactions, from their intercourse with society." Cotton *v.* The State, 31 Miss., 512.

2. It is said that we cannot recover on the *quantum meruit* count because that is an action of debt, the tort being waived, and that we have not shown that the trees were sold and converted into money. This proposition is unfortunate, both as to the law and fact. The fact is clearly established; the trees were sawed up into lumber, and sold by Moore & Eader, who were Mhoon's lessees. "*Qui facit per alium, facit per se.*" See Elder *v.* Hilzheim, 35 Miss., 231; Exum *v.* Brister, 35 ib., 391; M. & C. R. R. Co., 41 ib., 225.

"If one commit a tort on the goods of another, by which he gains a pecuniary benefit, or if he wrongfully takes and sells them, *or otherwise applies them to his own use,* the owner may waive the tort, and charge him in assumpsit in the common courts, as for goods and money received. 2 Greenl. Ev., § 108, and cases cited; Cuming *v.* Noyes, 10 Mass.; Webster *v.* Drinkwater, 5 Greenl., 241.

Where the master directs his servants to cut timber on his land in a designated direction, and the servant, not knowing the lines, cuts on the land of an adjoining owner, the master is held liable. Story on Agency, 456.

As to the *onus probandi* in such cases, see Horm *v.* M. & O. R. R., 1 Cold. (Tenn.), 72.

SIMRALL, C. J., delivered the opinion of the court.

The declaration contains two counts. The 1st count is for the statutory penalty of $15 per tree, for cutting down and carrying away 1,500 cypress trees without the consent of the owner. The count avers ownership in Mrs. Greenfield, of the *locus in quo,* since the 1st of January, 1869, and the indebtedness of Mhoon, the defendant, of $15,000 for 1,000 cypress trees which the defendant cut down, carried away, and appropriated to his own use. The cause of action recited in the 1st count is of strict right, and must be established in evidence with reasonable certainty. It is debt for a sum certain— that is, an amount capable of definiteness by calculation. The statute is severely penal, affixing to the tree an arbitrary

value, without regard to its worth intrinsically or in the market. The statute (Code, 1857, p. 191, art. 1) embodies this idea: The person who shall cut down, or, if already down, take away, * * * any cypress, oak, etc., * * * shall pay to the owner of such tree $15.

The statute creates an indebtedness by reason of the tortious act. Another feature is that the cutting must be without the consent of the owner.

The policy of the law is to protect this sort of property—not always under the eye of the owner, peculiarly exposed to the depredations of the lawless—by making it very costly to invade it. The penalty is in the nature of punishment as well as remuneration.

We naturally associate with the idea of punishment a willful wrong-doer, regardless of the rights of others.

The penalty has been merited because of the willful and deliberate trespass. Such has uniformly been declared to be the intendment of the statute. Perkins v. Hackleman, 26 Miss., 46; Exum v. Brister, 35 ib., 391.

The common law exacted pecuniary redress for a trespass on property, whether committed through inadvertence or not, or whether actuated by bad motives or not, as, if a man cuts a tree on his neighbor's land, believing that it was on his own. To withdraw the tortious act from the operations of the statute, it must appear to have been done in mistake and inadvertence. If it is characterized by gross carelessness and negligence, in omitting reasonable pains to ascertain the boundaries of the land, it was said in Whitecraft v. Vandervern, 12 Ill., 239, that the statute applies. Blackburn v. Baker, 1 Ala., 179.

To recover under the 1st count, the plaintiffs must prove, 1st, the number of cypress trees cut on Mrs. Greenfield's land by the defendant, or his agents and servants, with his consent or by his command, within twelve months before suit brought; 2d, that such cutting was done willfully, without Mrs. Greenfield's consent; or, 3d, the defendant omitted

to take the ordinary reasonable pains to ascertain the lines, and in this respect was so indifferent and negligent that he cannot fairly refer the cutting to accident or inadvertence. The raftsman who goes into the swamp and cuts and floats logs, without inquiry or knowledge as to the ownership of the land, cannot escape the penalty on the plea that he did not know that the plaintiff was owner.

Under the 2d count the defendant is sought to be made liable for the value of all the trees cut on Mrs. Greenfield's land after the 1st of January, 1869, and appropriated to his own use.

As to all the trees that do not fall within the 1st count the plaintiff elects to waive the tort, and claim simply the actual value of the trees. Let us recur to the testimony to see how the facts were under the respective counts. Mhoon speaks in his deposition as if he had actual knowledge of the location of Mrs. Greenfield's land, and of the cypress brake upon it. He refers to its situation relatively to his own land. He identifies it also when he informed Greenfield that the cypress had all been cut off of it. It was proved that this brake had been almost entirely denuded of cypress, and the land rendered valueless.

Bainbridge states that, as employé of Mhoon, he cut from 100 to 500 trees on the Greenfield land in 1869—"nearer 500 than 100"—but whether cut within twelve months before suit brought, or, if any, how many, he does not say. Without resorting to conjecture it is impossible to determine whether the defendant is liable for the penalty as respects any of these trees, or, if any, how many.

Blonde says there was shown by the survey to have been 600 fresh-cut trees on the Greenfield tract. In 1869 he cut off plaintiffs' land, and floated trees from there and Mhoon's land. In all about 1,000 trees were cut; about 600 the year before. The suit was brought in the spring of 1870.

Witness cut the first tree on Greenfield's land. Mhoon

told him where to cut.    The testimony presents two difficulties in the way of sustaining the verdict.

It does not, with that definiteness and certainty which the form of action requires, point out how many trees were cut off the plaintiffs' land twelve months before suit brought.

In the second place there was no proof of the value of the trees for which recovery was had under the 2d count.

But was it admissible, under the rules of law applicable to such cases, to prove the value at the time and place, as of a *quantum valebat?*

What is the measure of proof necessary to entitle the plaintiff to recover under that count?    It is laid down in the books, in general terms, that if the defendant has converted the goods, as by a sale, the plaintiff may abandon the tort and recover the money for which the goods have been sold, treating the money as " had and received " for the plaintiff's use.  This goes on the idea of a ratification of the sale, and an election to take the price whether the full value of the goods or not.    There is a very strong statement in Jones *v.* Hoar, 5 Pick., 290, that there must have been a sale and realization of money by the trespasser, to allow a waiver of the tort, and recovery in assumpsit or *ex contractu.*    A further modification is, sufficient time must have elapsed, with concurrence of circumstances, to justify the inference that they have been converted into money ( 2 Greenl. on Ev., § 117 ) ; then the presumption may be indulged of a sale. The authorities do not seem to support the theory that in all cases of the taking and asportation of goods the trespass may be waived, and recovery had in assumpsit as for a *quantum valebat.*

There must be the further fact that the goods have been converted into money, which the owner chooses to take instead of the goods themselves, or damages for the trespass.  See Conally *v.* City of Natchez, 1 S. & M., 46.

If in this case the plaintiffs shall be able to prove, under the 2d count, that the trees were sawed up by the defendant into

lumber, and in that form turned into money, we are disposed to leave it an open question on another trial for the plaintiffs to show what part of the whole sum represents, or is the equivalent of, the crude material—the trees or logs.

We construe the contract made with the lessees to be a sale ·of the trees or logs, or so many as were needed by the lessees ·to keep the mill running, at the price of $500 per month of running time. It may also be left open to make the same ·inquiry as to the trees cut on the land of the plaintiffs, and ·sawed up by the lessees.

We do not propose to say in advance that such proof will or will not entitle the plaintiffs to recover under this count.

For the errors herein before indicated the judgment is. ·reversed and cause remanded.

Chalmers, J., being of counsel, took no part in the decision ·of this case.