## David McCleary v. M. O. Anthony.

1. Amendment. *Bill of particulars. On appeal to Circuit Court.*
   In trespass for the statutory penalty for cutting trees, an itemized bill of particulars, which, as filed in the Justice's Court, embraced three trees, may, on appeal by the plaintiff, be amended in the Circuit Court by adding two trees.

2. Same. *Amendment increasing claim where defendant appeals.*
   Where the defendant appeals, the sureties on his bond may, perhaps, complain of such an amendment.

3. Trespass for Cutting Trees. *Claim of title necessary to plaintiff.*
   Possession of the *locus in quo* is not alone sufficient to authorize recovery of the statutory penalty for cutting trees thereon, but there must be also, in the absence of record title, claim of ownership.

4. Same. *Trespass must be wilful or neglect inexcusable. Conversation.*
   The statutory penalty is recoverable only in cases of wilful trespass or inexcusable neglect; and, if the plaintiff proves by a witness that he informed the defendant, before the cutting, of the location of the plaintiff's land, the defendant, to rebut the liability, may prove by the same witness that he at the same time instructed his choppers not to fell trees thereon.

Error to the Circuit Court of Marshall County.

Hon. J. W. C. Watson, Judge.

*Manning, Watson & Moore,* for the plaintiff in error.

1. The amendment of the bill of particulars, making a new suit whereby the sureties' liability was increased, was not admissible after appeal. 16 M. & W. 773; 3 McLean, 289; 3 Duer (N. Y.), 691; 17 Wend. 20; 9 Pet. 541; 5 Ark. 197; 6 Ohio, 305; 50 Miss. 498. Code 1871, §§ 621, 1305, 1333, 1334.

2. It is essential that the plaintiff should be the owner of the land, in order to sue for the statutory penalty for cutting trees thereon. Code 1871, § 2473. That is, he must have

title. 2 Bouvier Law Dic. 268. Mere possession will not suffice. *Harrell* v. *Miller*, 35 Miss. 700. The evidence of title must be produced at the trial. 1 Greenl. Evid. § 82; Starkie Evid. 642, 649; 1 Phillips Evid. 568, 574, note 163; 2 Phillips Evid. 510, 514, note 445. In this case actual possession even has not been proved. *Dejarnett* v. *Haynes*, 23 Miss. 600.

3. The declarations of the defendant were admissible in his own favor to show his intention in having the trees cut. 1 Greenl. Evid. § 108; 41 Miss. 197, 696; 5 La. Ann. 353; 9 Gill & J. 198; 5 Har. & J. 86; 31 Conn. 159; 35 Cal. 49; 5 Md. 450; *Nelson* v. *Smith*, 28 Ill. 495; Starkie Evid. 88, 89. Part of the declaration having been stated, the remainder was admissible. 1 Phillips Evid. 406; 1 Greenl. Evid. § 201; 8 Johns. 427; 9 Johns. 141; 10 Johns. 365; 8 Ala. 757; 20 Ala. 167; 21 Ga. 552; 2 McMullan (S. C.), 425; *Beebe* v. *De Baun*, 8 Ark. 510.

4. The court instructed that the defendant was liable, whether it was a wilful trespass or not. This was error. *Perkins* v. *Hackleman*, 26 Miss. 41; *Exum* v. *Brister*, 35 Miss. 391; *Russell* v. *Irby*, 13 Ala. 131; *Whitecraft* v. *Vanderver*, 12 Ill. 235; 52 Miss. 434.

*Featherston & Harris*, for the defendant in error.

1. The Circuit Court was fully authorized to make any amendment necessary to bring the case fairly to trial. Code 1871, § 621; *Barker* v. *Justice*, 41 Miss. 245; *Carter* v. *Preston*, 51 Miss. 431; *Weathersby* v. *Sinclair*, 43 Miss. 194; *Wharton* v. *Porter*, 10 S. & M. 307; *Bloom* v. *McGrath*, 53 Miss. 255. *Marx* v. *Trussell*, 50 Miss. 498, was an appeal from a Justice's Court.

2. The plaintiff is required to prove nothing more than possession, which was done in this case. *Ware* v. *Collins*, 35 Miss. 223; 1 Chitty Plead. 202–204; Taylor Landlord and Tenant, 173, 781, 785; *Redus* v. *Hayden*, 43 Miss. 614; *Green* v. *Liter*, 8 Cranch, 229; 4 Wheat. 213.

3. The instruction of the defendant to his hands was inadmissible. He could not in this way manufacture testimony for himself. He is liable for his agents' torts. *Newell* v. *Cowen*, 30 Miss. 492; *New Orleans Railroad* v. *Allbritton*, 38 Miss. 242; *Exum* v. *Brister*, 35 Miss. 391.

4. Notwithstanding erroneous instructions, a new trial will not be granted, unless the verdict is manifestly wrong. *Mc-Alexander* v. *Puryear*, 48 Miss. 420 ; *New Orleans Railroad* v. *Burke*, 53 Miss. 200 ; *New Orleans Railroad* v. *Field*, 46 Miss. 573 ; *Harris* v. *Halliday*, 4 How. (Miss.) 338 ; *Herron* v. *Bondurant*, 45 Miss. 683.

5. Several witnesses prove facts showing that this was a wilful trespass. Where there is conflict of evidence, the court will not reverse, unless the verdict is manifestly wrong. *Garland* v. *Stewart*, 31 Miss. 314.

CHALMERS, J., delivered the opinion of the court.

The suit was in trespass for the recovery of the statutory penalty for cutting trees. The itemized bill of particulars filed in the Justice's Court embraced only three trees. In the Circuit Court, the plaintiff was allowed to amend the bill of particulars by adding two trees. The action of the court in permitting this amendment is assigned for error. In a court of original jurisdiction, we think such an amendment admissible under § 621 of Code. We think also that it was admissible in this case, because it was the plaintiff in the Justice's Court who had appealed ; and the rights of other persons had not become involved, nor was there any claim of surprise, nor application for continuance. Whether any amendment which increases the amount in controversy can be permitted in the Circuit Court where the defendant in the Justice's Court has appealed, is more doubtful. In such case, the sureties on the appeal bond might, perhaps, complain that they were subjected to a liability greater than that involved at the time they became bound.

The third instruction given for the plaintiff is incorrect. It states "that possession (of the *locus in quo*) alone is sufficient to authorize the plaintiff to maintain this action." This is erroneous. Cutting trees is an injury to the freehold, and therefore the plaintiff claiming the statutory penalty must be the real or apparent owner of the freehold. The court will not enter into a critical investigation of his title, and, therefore, if he is shown to be in possession under claim and color of title, it will ordinarily be sufficient ; but, in the absence of

proof of record title, there must be concurrence of possession and claim of ownership. This is the extent of the decision in *Ware* v. *Collins*, 35 Miss. 223, as will be seen by reference to the statement of the case in connection with the opinion. Of course, if the record title is shown, proof of possession is unnecessary. In the case at bar there was no proof of possession, and none of title, nor of claim of title, except that one witness stated that "the trees were cut on the land of his mother" (the plaintiff). It is suggested by counsel that the same witness proved possession of the land in the plaintiff; but, if so, the bill of exceptions, which concludes with the statement, "This was all the evidence in the case," fails to disclose it.

It was error also to exclude testimony offered for the purpose of showing that the defendant, when informed where the plaintiff's lands were, instructed his choppers not to fell trees thereon. The statutory penalty is recoverable only in cases of wilful trespass, or of inexcusable neglect to take proper precautions for avoiding the trespass. *Mhoon* v. *Greenfield*, 52 Miss. 434.; *Perkins* v. *Hackleman*, 26 Miss. 41. For the purpose of showing the wilful trespass, the plaintiff proved by a witness that he informed the defendant of the location of the plaintiff's land before the] cutting. The defendant then proposed to prove by the same witness that he (the defendant) at the same time instructed his choppers not to cut on those lands. The testimony should have been admitted. It does not stand upon the footing of a party attempting to manufacture testimony for himself. It is the rebuttal of a liability attempted to be fastened upon him for the acts of his servants by showing that the acts were committed without his assent and in violation of his express orders.

We must not be understood as expressing any opinion on the facts. There was testimony tending strongly to show a wilful trespass by the defendant, and testimony also tending to show ratification by him of the acts of his laborers. These are questions for the jury.

*Judgment reversed and cause remanded.*