### JOHN GADDIS v. JOHN I. PALMER.

APPEAL. *Defective bond given in justice's court. Amendment in Circuit Court.*
Where, in an appeal from the judgment of a justice of the peace, a "bond with security" has been given by the appellant and approved by the justice, and such bond is defective in any respect, the Circuit Court should permit it to be amended, under sect. 2353 of the Code of 1880.

APPEAL from the Circuit Court of Scott County.

Hon. A. G. MAYERS, Judge.

John I. Palmer brought an action of replevin against John

Gaddis, before a justice of the peace, for a bale of cotton. The defendant gave bond, as provided by statute, with H. W. Crook as surety, and retained the cotton. The justice of the peace found against Gaddis and Crook, requiring them to deliver the cotton to Palmer or to pay him the value thereof with damages, amounting to $65. From that judgment Gaddis appealed to the Circuit Court, and gave an appeal-bond with H. W. Crook as surety thereon, the latter being the same who was on the forthcoming bond in the justice's court. The justice of the peace approved the bond, and the case went to the Circuit Court, where the appellee made a motion to dismiss the appeal, on the ground that "there was no bond with surety given within five days after the rendition of the judgment in the justice's court." The court sustained the motion, and Gaddis appealed to this court.

*S. H. Kirkland*, for the appellant.

The strict rules applied to appeals from the Circuit and Chancery Courts should not be applied to appeals from justice's courts, as to do so would frequently defeat the ends of justice. Any attempt, however irregular or defective, to make an appeal-bond, is sufficient to warrant the court in permiting said attempt to be completed. Code 1880, sect. 2353. This statute contemplates a bond so defective as to lack all the essential elements of a bond, yet the attempt remaining, the appellant is allowed to perfect it, or even substitute a new bond for it. The bond in this case shows on its face that there was an attempt to make an appeal-bond, and within five days from the rendition of the judgment, and is a good common-law bond against John Gaddis.

*A. J. McLaurin*, for the appellee.

The Circuit Court acquired no jurisdiction of the case, and properly struck it from the docket. *Merrill* v. *Hunt*, 52 Miss. 774; *Porter* v. *Gresham*, 3 How. (Miss.) 75; *Hardiway* v. *Biles*, 1 Smed. & M. 658; *Harper* v. *Archer*, 4 Smed. & M. 108; *Alexander* v. *Smith*, 4 Smed. & M. 259; *Pickett* v. *Pickett*, 1 How. (Miss.) 269; *Eustis* v. *Holmes*, 48 Miss. 36.

No court can make an order to amend, or for anything else, until it gets jurisdiction of the case.

CAMPBELL, C. J., delivered the opinion of the court.

The appellant had given an appeal " bond with security," approved by the justice of the peace, and should have been allowed to give a new bond, as he offered to do, if the first was defective in any respect.

Judgment reversed and cause remanded.