60   799
83   498

## W. L. KEIRN v. LLOYD WARFIELD.

1. CUTTING TREES. *Action for statutory penalty. Nature of liability.*

In an action for the statutory penalty for cutting and taking trees, the plaintiff is entitled to recover if the evidence shows that the defendant committed the trespass charged, recklessly, or without the exercise of proper care and caution to avoid it. And it is error for the court in such case to instruct the jury that the plaintiff is not entitled to recover unless the cutting was "wilfully, intentionally, and knowingly" done.

2. SAME. *Statutory penalty therefor. How avoided. Burden of proof. Case in judgment.*

The defendant may defeat a recovery in such case, by showing that the plaintiff's trees were cut through accident, inadvertence, or mistake, and that reasonable care and caution were taken to avoid trespassing. But the burden of proving the mistake and the observance of reasonable care is upon the defendant. What will amount to the exercise of proper care must depend upon the facts of each case; but it is not enough to say to one's employees that they must cut only upon the employer's land, where they are sent, without knowledge of the boundaries, to fell timber in an extensive forest, a

portion only of which is owned by the employer, where there are no natural or artificial boundaries visible, and where no directions are given as to what part of the land is the property of the employer.

3. SAME. *Action for actual value of trees. Nominal damages.*

In an action to recover the actual value of trees cut on the plaintiff's land by the defendant, if the trespass be established, the plaintiff is entitled to recover nominal damages, if none other be proven.

4. SAME. *Action therefor. Admissibility of evidence. Case in judgment.*

In the trial of an action to recover damages for the alleged cutting of trees on the plaintiff's land by the defendant, the plaintiff offered to prove by O that he, knowing the plaintiff's land, had, in company with S., counted the stumps on plaintiff's land where S. said the defendant's employees had cut trees, and proposed to prove by S. that he saw the defendant's employees cutting the trees, the stumps of which O. had counted. This testimony of O. was objected to by the defendant and excluded by court. *Held*, that the exclusion of such testimony was erroneous, in view of what the plaintiff proposed to prove by S.

APPEAL from the Circuit Court of Holmes County.

Hon. C. H. CAMPBELL, Judge.

Keirn sued Warfield for an alleged trespass of the latter in cutting and taking, or causing to be cut and taken, trees on the land of the former. The declaration contained two counts : the first for the statutory penalty for the trespass alleged ; and the second for the actual value of the trees alleged to have been cut and taken. The defendent plead (1) the general issue, and (2) that his and plaintiff's lands adjoined, and he did not know the boundary lines, nor that the trees cut were on the plaintiff's land, but believed them to be on his own land.

At the trial the plaintiff introduced as a witness R. D. Ogletree, who testified that he knew the lines between the plaintiff's and defendant's lands. The plaintiff then offered to prove by the witness "that he went around the line between plaintiff and defendant with one Merriman Sago, and Sago pointed out to him the trees that had been cut by the employees of the defendant, and that he, the witness, had counted the stumps where the trees had been cut." And the plaintiff's counsel said he would prove by Sago, "that he, Sago, had seen the employees of defendant cutting trees at

that place." But the proffered testimony of Ogletree was objected to by the defendant, and excluded by the court.

The evidence adduced seems to have established the fact that the plaintiff's trees were cut by the defendant's employees, but as to the circumstances connected with the cutting the evidence was conflicting.

The court gave for the defendant the following, among other instructions:—

"1. The burden of proof is on the plaintiff to show that defendant himself, or by his servants, knowingly and wilfully cut the trees on plaintiff's land, knowing at the time they were so cut that they were on the land of plaintiff, and wilfully intended to cut trees from the land of plaintiff; and, unless the jury shall believe that the trees were so knowingly and wilfully cut, they will find for the defendant on the first count in the declaration."

"2. Even though the jury may believe from the evidence that the employees of defendant cut the trees mentioned in the first count of the declaration, on the land of plaintiff, yet unless they believe from the evidence that said trees were cut on the land of plaintiff by the authority of the defendant, they will find for the defendant on said first count."

"6. The plaintiff cannot recover the statutory penalty for the trees cut by the employees of the defendant, unless the defendant knowingly and wilfully authorized his employees to cut the trees on the land of plaintiff, and if they believe that defendant directed his employees to cut trees on his own land, and said employees, without the consent or authority of defendant, cut the trees on the land of plaintiff, then they will find for the defendant as to the statutory penalty in the first count of the declaration."

"7. The defendant is not liable to plaintiff for the statutory penalty in this action for the trees cut by one Estis on the land of plaintiff, unless they believe defendant directed or authorized said Estis to cut the trees on plaintiff's land; and if the jury believe from the evidence that defendant directed,

60 Miss.—51

authorized and intended that said Estis should cut the trees on his, the defendant's, land, yet, although they may believe that said Estis cut the trees upon the land of plaintiff, without authority from the defendant, still the defendant is not liable to the plaintiff for the statutory penalty sued for, upon such cutting by Estis.''

"12. Before the jury can render a verdict in favor of plaintiff for the actual value of the trees, as contradistinguished from the statutory penalty, charged to have been cut by the second count in the declaration, they must first determine from the proof whether or not any of the trees were cut by the defendant or his employees, and also must determine, from the proof, the value of said trees. And the burden of proof is on the plaintiff to show, (1) that defendant or his employees cut trees on the land of the plaintiff, (2) the number of trees cut, and (3) the actual value thereof; and unless the jury, from the evidence in the case, are satisfied on these three points, they cannot find a verdict for plaintiff, even for the actual value of the trees.''

The verdict and judgment were for the defendant, and the plaintiff appealed.

*J. E. Gwin,* for the appellant.

The exclusion of Ogletree's evidence necessarily did great injury to plaintiff's cause, (1) because, as appellant contends, it was in theory an erroneous ruling, excluding most material, useful, and pointed evidence; and (2) the practical effect on the minds of the jury necessarily was most injurious. The use to be made of Ogletree's evidence was to show the number and kind of trees that were shown him near the line and on Keirn's land, and to prove by Sago who cut them. It was the most important link in the line of plaintiff's proof, because if the number and kind of trees cut were not allowed to be proven no verdict could be given, and there was no criterion by which to fix their value; and we respectfully submit that for this error the cause should be reversed. Appellant insists that the first instruction granted at the request of

defendant is erroneous. It asserts that the "plaintiff must show that the defendant, by himself or servants, knowingly and wilfully cut the trees on plaintiff's land, knowing at the time they were so cut that they were on the land of plaintiff, and willfully intended to cut trees from the land of plaintiff, and unless the jury believe they were so knowingly and wilfully cut, they will find for defendant," etc. In the case of *Mhoon* v. *Greenfield*, 52 Miss. 438, it is said: "To withdraw the tortious act from the operation of the statute, it must appear to have been done from mistake or inadvertance. If it be characterized by gross carelessness and negligence in omitting reasonable pains to ascertain the boundaries, the statute applied." The rule laid down by the circuit judge is irreconcilable with the rule in this case, because when the jury are told that the defendant " must have known at the time of the cutting that the trees were on plaintiff's land to render him liable," it precludes the idea that he could be made liable if the cutting occurred in his absence, or through his gross negligence in not finding or pointing out the lines, or taking ordinary pains to find the lines. True, plaintiff could recover under the hypothetical case stated in the first instruction, but the court, having undertaken to state a hypothetical case, which if not true would not entitle plaintiff to recover, should have stated the other hypothesis (*Mayer* v. *Blackman*, 54 Miss. 570) as laid down in *Mhoon* v. *Greenfield*. None of the supposititious facts stated in that instruction may have been true, and yet the defendant might have been liable. It will not cure the error by saying that instructions were given for plaintiff which gave him the advantage of the principles here laid down. The second instruction granted at the request of the plaintiff embodied the true principle ; but the defendant's first instruction is in exact opposition to it, and the jury could not tell which was the correct law of the case. When the evidence is conflicting it is especially important that there should be no conflict in the instructions to the jury (*Chapman* v. *Copeland*, 55 Miss. 476), and generally the giving of conflicting instructions is erroneous. *Cunningham*

v. *The State*, 56 Miss. 269. The sixth instruction given for defendant is in the face of all adjudications of this court. It supposes "that plaintiff must knowingly and wilfully authorize his servants to cut on plaintiff's land." Now, if he negligently permits his servants to cut on plaintiff's land, or if he directs his servants to cut in a certain wood adjoining plaintiff, and carelessly omits to point out the lines, if knowing them, or if ignorant of the lines, fails to take pains to ascertain the line, he is liable. It will be readily seen that all of these instructions, in a very pointed and peremptory manner, point to an incorrect conclusion to be arrived at by the jury. The seventh, eighth, and twelfth instructions are equally objectionable. The seventh and eighth, if correct in themselves, are not applicable to the facts of this case. The contract with Estis and Warfield's testimony show beyond the possibility of a doubt that Warfield intended to take Keirn's timber. The very manner in which he directed the cutting in the contract, and when he sent out his hands, shows at least a reckless disregard for the rights of his neighbor, which this statute was intended to cover.

*Calhoon & Green*, for the appellee.

The verdict involves two findings of fact:—

1. That there was no wilful or knowing trespass.

2. That the cutting by mistake on defendant's land, if any there was, authorized no finding for plaintiff Keirn, because he failed to prove how many trees defendant cut, or their value, and the jury were able to make no estimate.

The facts, and the instructions based on them, will be seen to consist with the above theory of the verdict, and it will not be disturbed if that theory be sound in law; but the verdict will be referred to the theory and sustained. Appellant excepts to no other instructions than the first, second, third, fourth, sixth, seventh, eighth, twelfth, and sixteenth, which were given at the instance of the defendant Warfield. These instructions, on the main issues, involve but the two propositions: First, that the penalty under the statute can only be invoked against

a wilful or knowing cutting ; and, second, that recovery on the count for actual value can only be had on proof of number of trees cut and their value. The rulings of the court on the non-admission of evidence were clearly correct, being altogether in regard to evidence manifestly hearsay. Refusing to let a witness say what trees Sago pointed out, upon the assurance that Sago would be produced and so state, was correct, the court having discretion as to this. But if wrong it becomes right since Sago was produced and [the counsel should have again tendered the witness. The evidence proved nothing precisely as to the number or value of the trees cut by defendant upon which any verdict for plaintiff could be sustained for either the statutory penalty or on the *quantum valebat.* See *Mhoon* v. *Greenfield*, 52 Miss. 434 ; *McCleary* v. *Anthony*, 54 Miss. 708, which we quote in support of the foregoing suggestions.

*Nugent & McWillie*, on the same side.

The objection to Ogletree's testimony was properly sustained. The testimony offered involved a conclusion of fact, and not a fact. Had the offer been to prove that the witness was familiar with the lines, saw trees, or stumps of trees, cut on plaintiff's land, pointed out to him by Sago, and counted the same, there would have been no objection ; but the offer was to prove by an assumed state of facts that the trees had been cut by convict labor of the defendant. That was one of the issues in the case, and it would have been manifestly improper to have allowed the jury, by the ingenious framing of an interrogatory, to conclude the issue in advance. The vice in the proof — it was really not competent — offered was this : that it assumed as proven what was to be established by the jury on all the evidence in the case. It was not cured by the undertaking of counsel. The most he expected to prove by Sago was that he had seen the convict labor and other employees of defendant cutting trees at that place in 1878. Indeed, the witness immediately after stated the number of trees cut on plaintiff's lands, and distinctly gave the number of each

kind, and this was all he could swear to. There was certainly no error in this ruling of the court. The first charge for defendant states that defendant's liability would be determined by the fact of his having, by himself or his servants, knowingly and wilfully cut trees on plaintiff's land, knowing at the time they were so cut that they were on plaintiff's land. In *Perkins* v. *Hackleman*, 26 Miss. 56, it was said that, if intending to cut timber on his own land, a party should go beyond his boundary and cut it on the land of another, supposing it to be cut on his own, he would not be liable for the statutory penalty, but only for the actual damage. In *Mhoon* v. *Greenfield et ux.*, 52 Miss. 438, the court use this language: "The penalty is in the nature of punishment as well as remuneration. We naturally associate with the idea of punishment a wilful wrong-doer, regardless of the rights of others. The penalty has been merited because of the wilful and deliberate trespass. Such has uniformly been declared to be the intendment of the statute." And the court, thereupon, proceeding to lay down the rule to be applied in this class of cases, say: " It must be shown, (1) the number of trees cut by defendant on plaintiff's land by himself, or his agents and servants, with his consent or by his command; (2) that such cutting was done wifully, without the plaintiff's consent; (3) that the defendant omitted to take the ordinary pains to ascertain the lines, and in this respect was so indifferent and negligent that he cannot fairly refer the cutting to accident or inadvertence." In *McLeay* v. *Anthony*, 54 Miss. 711, the court declares that, " the statutory penalty is recoverable only in cases of wilful trespass or of inexcusable neglect to take the proper precautions for avoiding the trespass." Tested by these decisions, there can be no objection to this charge, especially in view of those given for the plaintiff below. The second charge is perfectly just. It devolved on the plaintiff to show that the trees were cut by defendant's authority, "with his consent or by his command." 52 Miss., *supra*. The sixth and seventh nstructions are not objectionable. They are sanctioned by

the law as construed by this court, and there was ample testimony in the case to warrant the court in giving them. The twelfth charge for defendant presents the law as we understand it. If the idea was to recover the actual value of the trees cut, the plaintiff was bound to prove the cutting by defendants or his servants, the number of trees cut, and their value.

CHALMERS, J., delivered the opinion of the court.

There was much evidence in the case that tended to prove that defendant had cut and used the trees of plaintiff, either intentionally, or without the exercise of proper care and caution to avoid such a trespass.

The instructions given for the plaintiff correctly informed the jury that in either event defendant was liable for the statutory price or penalty for each tree so cut. Several of the instructions given for the defendant, on the other hand (notably the first, second, sixth, seventh, and twelfth), declared that the statutory penalty was only recoverable where the cutting was wilfully, intentionally, and knowingly done on plaintiff's land, thus excluding a liability where it was done carelessly or recklessly, and without the exercise of proper care and caution to avoid the commission of a trespass. The instructions, therefore, were in direct conflict, and as the testimony was quite as conflicting as the instructions, the jury were left without any certain guide to conduct them to a correct conclusion. The true view of the law on this subject is this: "The letter of the statute gives the penalty upon proof of *any* cutting upon the land of another." The courts have modified its rigor by holding that the defendant may defeat a recovery by showing that it occurred through accident, inadvertence, and mistake ; *provided*, reasonable care and caution were taken to avoid the mistake. The burden, therefore, of showing both the unintentional mistake and the exercise of reasonable care to avoid it, s upon the defendant. What will amount to the exercise of

proper care must necessarily depend upon the facts of each case; but certainly it will not be enough to say generally to one's employees that they must cut only upon the employer's land, where they are sent, without knowledge of the boundaries, to fell timber in an extensive forest, a portion only of which is owned by the employer, where there are no natural or artificial boundaries visible, and where no directions whatever are given as to what portion of the land is the property of the employer. If the employer is himself ignorant of the true line between himself and neighbor, he should, at least in a general way, indicate to his servants what portion of the land he thinks is his. Where he acts in good faith, he will not be required to make a survey or resort to any unusual or troublesome means to ascertain boundaries not plainly visible; but he cannot turn his choppers loose in the forest with nothing to guide them save an indefinite and unexplained command that they must cut only upon his land. *Mhoon* v. *Greenfield*, 52 Miss. 434; *McCleary* v. *Anthony*, 54 Miss. 708.

Upon the count in the declaration for the actual value of the trees taken, plaintiff was at least entitled to a verdict and judgment for nominal damages, though no actual value was proved. Every breach of duty or violation of right entitles the party wronged to damages, and if none other be shown, nominal damages should be awarded. 2 Greenl. on Ev., sect. 254; Sedgw. on Dam. 45, *et seq.*

The court erred in excluding Ogeltree's testimony as to the trees or stumps counted by him, in view of that offered to be made and actually made by Sago. We do not understand that in the proffered testimony of Ogeltree there was any assumption of the fact that defendant cut the trees counted by him, but that it was offered to prove the fact that Sago pointed out certain trees which he counted, with the view of proving by Sago that he saw defendant's employees cutting at that place. This was competent.

Reversed and new trial awarded.