### BOISSEAU & MARTENEZ v. MAX KAHN.

1. ATTACHMENT.  *Affidavit.  Amendment by signature to jurat.*
   The jurat of the creditor's affidavit in attachment may be amended by permitting the officer before whom the affidavit was made to subscribe his name thereto.  *Green* v. *Boon*, 57 Miss. 617, cited. ·

2. SAME.  *Bond.  Amendment in signature of sureties.*
   A bond in attachment, signed by sureties in their firm-name, may be amended, under § 2464 of the Code of 1880, by allowing them to sign their names individually.

3. SAME.  *Failure to file account.  Leave given.  Case in judgment.*
   In an attachment case appealed from a justice of the peace's court by the defendant against whom judgment was there rendered, the plaintiff should be granted leave to file an itemized account of his demand, where the amount thereof was stated in the affidavit upon which the action is based; and if the defendant might suffer from any undue advantage thus given his adversary, he should be protected by a continuance of the case.

APPEAL from the Circuit Court of Amite County.

HON. J. B. CHRISMAN, Judge.

Upon an affidavit made by Jacob Mitchell, as agent for Boisseau & Martenez, a writ of attachment was issued at their suit against Max Kahn by the clerk of the Circuit Court of Amite County, returnable to a certain justice of the peace's court, the amount of the demand being ninety-seven dollars and ninety cents.

The justice of the peace, to whose court the writ was returned,

rendered a judgment for the plaintiffs on " account of the failure of the defendant to file an affidavit traversing the affidavit of the plaintiffs." The defendant appealed to the circuit court.

In the circuit court the defendant made a " motion to quash the affidavit, writ, and. bond in this case, (1) because the affidavit is not attested by any officer, (2) because there is no security on the bond, Robinson & Barney not being a legal person as contemplated by the law requiring personal security, and (3) because there was no account filed in the court below." The plaintiffs asked leave (1) to amend the affidavit by having the officer before whom it was made and whose seal was attached thereto to sign the jurat, (2) to amend the bond by having Robinson & Barney to sign their individual names thereto, and (3) to file an itemized account of their demand. The court refused to grant such leave to the plaintiffs, sustained defendant's motion to quash, and dismissed the case. Thereupon the defendant appealed.

*T. McNight*, for the appellants.

1. The omission of the clerk to sign his name to the jurat, to which he *did affix* his SEAL, is a clerical error and curable by the amendment offered to be made.

2. Even if the firm of Robinson & Barney could not be bound by the signing of the firm-name to the bond, still the member of that firm who signed the firm-name to the bond binds himself personally, and thus meets the requirements of § 2416 of the Code of 1880; and further, the matters set forth in the first and second causes of appellee's said motion are *but* defects which appellants should have been allowed to have amended, though the amendment had gone to the extent of filing a new affidavit and bond. See § 2464, Code 1880.

3. I submit that the amount stated by the affidavit was surely equivalent to a statement of the debt due, and was to the justice of the peace a sufficient evidence of the debt to warrant him in rendering the judgment which he did. And in the circuit court, the cause being for trial *de novo*, appellants should have been permitted upon their application therefor to have filed a bill of particulars of the debt sued on.

*Neilson & Stockdale,* for the appellee.

There was no error in sustaining defendant's motion in the circuit court. While all the causes set out in the motion to dismiss were well taken, some of them, perhaps, were amendable, yet that cannot affect the judgment of this court, as the third cause is conclusive of the case. No itemized account, bill of particulars, note, nor anything was filed in the justice's court, nor was any attempt made to do so.

There was nothing before the court on which to base a judgment. Proceedings in attachments before justices are as nearly as practicable assimilated to the proceedings on like issues in the circuit court. Will it be contended that a judgment could be rendered in the circuit court without the prior filing of a declaration and account or note, etc.? In the justice's court " the evidence of debt, statement of account, or other written statement of the cause of action" is in place of the declaration. The motion for leave to file an account in the circuit court came too late. The statute of jeofails covers a multitude of errors and is extensive in the allowance of " amendments." In this case there was nothing to amend.

COOPER, C. J., delivered the opinion of the court.

The court should have permitted the plaintiff in attachment to amend the bond by having the sureties to sign their names individually instead of as a firm, Code of 1880, § 2464 ; *Gaddis* v. *Palmer,* 60 Miss. 758, and by having the clerk who issued the writ to subscribe his name to the jurat of the creditor's affidavit taken by him. *Green* v. *Boon,* 57 Miss. 617.

The application for leave to file the account sued on should have been granted. The defendant could not have been surprised to have some cause of action presented against him in the suit, for by the affidavit for attachment he was informed of the sum demanded by the plaintiffs, and if by reason of the items which appeared in the account he had declared that he was taken by surprise, the court should have protected him against any undue advantage which might have arisen to the plaintiffs, by continuing the cause. In *McCleary* v. *Anthony,* 54 Miss. 708, the plaintiff was permitted to

add to his account new items in addition to those on which a trial was had before the justice of the peace. It was there intimated that perhaps the sureties of an appealing defendant might object to such an amendment, as tending to increase the liability on their bond for a matter which was not in controversy when they assumed the obligation. It is manifest that such could not be the result in this case, for the sureties knew that the plaintiff claimed a certain amount as due from Kahn, and the proposition of the plaintiffs was to file the account which the statute required should be filed as a condition precedent to the introduction of evidence to sustain their claim. No effort was made to add to the demand asserted in the court below, the sole purpose of the amendment being to show what the nature and character of that claim was.

*The judgment is reversed.*