BARTLETT, J.
This suit differs in some respects from the ordinary action of trespass for the disturbance of possessory rights. *777 The complaint not only states facts sufficient to constitute a cause of action in such a suit, but the prayer for treble damages indicates that the purpose of the plaintiff was to enforce the statutory remedy given by section 1667 of the Code of Civil Procedure where the trespass consists in cutting down trees, and the stipulation in the record to the effect that the action was brought under that section leaves no doubt on the subject. It does not seem tome, however, that the plaintiff has established such an ownership in the land upon which the trees are alleged to have been cut as to-entitle him to the remedy provided for by that section. The plaintiff was merely a lessee for years of the premises upon which the trees stood. The Code of Civil Procedure confers the right to-maintain an action for the recovery of treble damages, in such cases, only upon i!ie owner of the land. I do not .think a lessee-for years is to be deemed an owner, within the meaning of the-statute.
The provision of the Code is as follows:
“If any person cuts down or carries off any wood, underwood, tree, or timber, or girdles or otherwise despoils a tree on the land of another, without the owner’s leave; or on the common, or other land, of a city, village, or town, without having right or privilege in those lands, or license from the proper officer; an action may be-maintained against him, by the owner, or the city, village, or town, as the case may be.”
This provision was derived from a similar one in the Revised Statutes, in these words:
“ Every person who shall cut down or carry off any wood, underwood, trees, or timber, or shall girdle or otherwise despoil any trees on the land of any other person, without the leave of the-owner _ thereof, or on the land or common of any city or town, without having any right or privilege in such commons, and without license from the corporation or proper officers of such city or town, shall forfeit and pay to the owner of such land, or to such city or town, treble the amount of the damages which shall be-assessed therefor in an action of trespass, by a jury, or by a justice of the peace in cases provided by law.” 2 R. S. (2 ed.) 261, 262.
The provision just quoted from the Revised Statutes was itself based on an earlier enactment, to be found in the Revised Laws, which provided, in substance, among other things, that if any person should cut any wood, underwood, trees, or timber on the land of another, or carry off the same, “without leave or permission of the owner or owners thereof," such person should pay “ to the owner or owners of such land treble the value of the wood, underwood, trees, or timber cut or carried off as aforesaid, to be recovered, with costs, in an action of trespass, before any court having cognizance of the same, by the owner or owners of the land on which such trespass shall have been committed.” 1 Rev. Laws, pp. 525, 526.
It will be observed that under the Revised Laws the recovery provided for was merely three times the value of the wood cut or *778 carried away. The Revised Statutes enlarged the measure of possible recovery to three times the damage done by the trespass. See Revisers’ Notes, Appendix to 3 Rev. St. (2 ed.) 716; Van Deusen v. Young, 29 N. Y., on page 25. This may be; and ordinarily would be, very much more than simply the value of the wood. Thus, in Argotsinger v. Vines, 82 N. Y. 308, where the trespasser had cut timber from twenty-two acres of woodland on a farm, it was held that the measure of damages was the difference in the value of the farm with the timber on it and after the timber had been cut.
In all this legislation relative to the recovery of treble damages for trespasses of this character, the remedy has been given to the owner or owners of the land upon which the trespass was committed. That the owner or owners of the freehold must be meant seems to me to be shown by the restriction of the damages in the early statute to three times the value of the wood cut. A tenant or lessee fop years would have no property or interest in such wood. It would belong to the owner of- the inheritance, and he alone could recover its value at common law. The right to recover three times its value was given-to him; and I think the term 41 owner ” or “ owners,’ having been used in this sense in the Revised Laws, was used in the same sense in the Revised Statutes and in the present Code of Civil Procedure, whose provisions on this subject are unquestionably based on those of the Revised Laws. The same conclusion as to the meaning of the word ■“owner ” in enactments of this sort is sustained by authority. No -case in this state has fallen under our notice in which a suit founded upon section 1667 of the Code has been maintained or attempted by any person who was not an owner of the fee of the -land where the trees or timber grew. Similar statutes exist, however, in many other states, and we find adjudications in Illinois, Michigan, and Mississippi to the effect that it is essential, to enable plaintiff to recover under such enactments, that he should be the owner of the freehold. 'In Illinois, in an early case, which has been repeatedly cited with approval, the statute gave the owner a certain penalty for each tree of a .particular description cut upon his land without his permission, and authorized him to recover the -penalty in an action of debt, tinder this statute, it was held that the party seeking to recover the penalty must aver in his declaration, and prove on the trial, that he was the owner in fee simple ■of the land on which the trespass was committed. Edwards v. Hill, 11 Ill. 22. In Michigan the statute closely resembles our¡ ■own, providing that persons who cut down or carry off any wood,' underwood, trees, or timber without leave of' the owner of the land, shall be liable to the owner in treble damages; but if the, trespass is involuntary, or the defendant had probable cause to believe the land was his, only single damages are recoverable, as is the case under the Code in this state. Code Civ. Proc. § 1668, subd. 1. In Achey v. Hull, 7 Mich. 424, the supreme court ofj Michigan, speaking through Campbell, J., said of this statute that; it was not framed to protect possessory rights, “ but was made to. give to the owners of the fee a right to sue in the form of trespass *779 for the enumerated injuries to their inheritance. If the tenant in possession, whether owner or not, seeks damages for the disturbance of rights merely possessory, he is still left to his common-law action. But here the damages which are alleged to be trebled are not damages to the temporary possession, but to the freehold.” Under a like statute in Mississippi, the trial judge charged the jury that the possession of the locus in quo alone was sufficient to authorize the plaintiff to maintain the action. The supreme court held that this instruction was erroneous, inasmuch as the cutting of the tress was an injury to the freehold; and therefore the plaintiff, claiming the statutory penalty, must be the real or apparent owner of the freehold.” McCleary v. Anthony, 54 Miss. 708.
In the light of these authorities, and having regard to the course of legislation in our own state in reference to treble damages for trespass in cutting trees, I am satisfied that the term “owner,” in section 1667 of the Code of Civil Procedure, does not extend to a lessee for years. This view takes nothing away from the right of the tenant, who may always maintain his common-law action for trespass based upon the fact that he is in possession. And in the present suit the plaintiff, notwithstanding his claim for treble damages under the statute, was entitled at common law to recover his actual damages, if he proved to the satisfaction of the jury that he was in possession and occupation of that part of the premises upon which the tree-cutting was done, although merely as tenant. Starkweather v. Quigley, 7 Hun, on page 29.
The issue of actual occupation was in the case, because the written lease under which the plaintiff claimed did not distinctly indicate the extent of the leased property, and the evidence in behalf of the plaintiff was sufficient to sustain a finding in his favor .oil that issue.
The judgment should therefore be affirmed if the plaintiff will stipulate to reduce the judgment.to $50 and costs; otherwise, the judgment should be reversed, and a new trial granted.-
All concur.'