·THADDEUS E. THERRELL *v.* WILLIAM C. ELLIS.

TRESPASS. *Cutting trees. Code* 1892, §§ 4411, 4412, 4413, 4424. *Statutory penalty. Evidence. Necessary proof.*

In a suit, under Code 1892 §§ 4411, 4412, *et seq.,* providing penalties for cutting trees on the land of another without the owner's consent, the defendant will not be liable for the statutory penalty unless it be shown:

(*a*) That the trees were cut on plaintiff's land;

(*b*) That they were cut without plaintiff's consent;

(*c*) That they were cut within twelve months before the beginning of the suit;

(*d*) That they were cut by defendant, or his agents or employes, acting within the scope of their employment, or by the command or consent of their principal; and

(*e*) That the cutting was done willfully or recklessly, without proper precaution to prevent a trespass.

FROM the circuit court of Rankin county.

HON. JOHN R. ENOCHS, Judge.

Therrell, appellant, was plaintiff, and Ellis, appellee, defendant, in the court below. From a judgment in defendant's favor, plaintiff appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*Robert Lowry,* for appellant.

The courts have modified the letter of the statute, Code 1892, § 4412, by holding "that a recovery of the penalty may be defeated by showing that the cutting occurred through inadvertance, accident or mistake," but this modification, however, is restricted by a most important proviso, that is, "provided that reasonable care and caution were taken to avoid the mistake." The burden of showing the unintentional mistake, and the exercise of reasonable care and caution to avoid a trespass

is upon the defendant. What will amount to the exercise of proper care and caution depends upon the facts of each case. *Keirn* v. *Warfield,* 60 Miss., 800; *Mhoon* v. *Greenfield,* 52 Miss., 434; *McCleary* v. *Anthony,* 54 Miss., 708. Defendant did not take reasonable precautions to prevent the trespass. The case should have been given to the jury.

*A. J. McLaurin* and *S. L. McLaurin,* for appellee.

Proof that he assumed to act as agent of Ellis, even if it be admitted that he was claiming to act as agent of Ellis, which is an exceedingly vague inference, does not prove Farlow's agency. *B. & L. Association* v. *Butt et al.,* 77 Miss., 944; *Kinnare* v. *Gregory,* 55 Miss., 612, 622.

In speaking of Farlow, there is one thing that cannot be rejected, and that is the witness used the words "overseer" and "agent," synonymously, and there is no evidence to show that his overseership required or authorized him to deaden land. Without such evidence the law does not allow it to be assumed that he had such authority. The "rule of judicial proceeding requires definite and specific evidence for the establishment of facts." *Dickerson* v. *Thomas,* 67 Miss., 783-4; *Newman* v. *Taylor,* 69 Miss., 670. So, no agency of Farlow is proven. *Wood* v. *Holly Mfg. Co.,* 46 St. Rep., 56.

From the evidence it does not appear that Ellis ever knew that the trees were cut. There is very vague, conjectural evidence that the trees were cut within a year. There is no evidence that Therrell did not give Ellis his consent to deaden the trees. Without this proof he has no case. *Mhoon* v. *Greenfield,* 52 Miss., 438; *Dickerson* v. *Thomas,* 67 Miss., 783-4; *Wood* v. *Holly Mfg. Co.,* 46 Am. St. Rep., 56.

There are several reasons why plaintiff was unquestionably not entitled to recover. He was confined to his claim of the statutory penalty, as he had no count for the actual value. *Mhoon* v. *Greenfield,* 52 Miss., 438; *Keirn* v. *Warfield,* 60 Miss., 808; *Lusby* v. *R. R. Co.,* 73 Miss., 364.

"The statute is severely penal." *Mhoon* v. *Greenfield*, 52 Miss., 437.

It is not shown that Ellis directed or authorized Farlow to have the trees cut. The "rule of judicial proceeding" required "definite and specific evidence for the establishment of" this fact, if it were a fact. *Dickerson* v. *Thomas*, 67 Miss.; 783-4.

It being capable of such easy proof, if it were a fact, when plaintiff had Farlow on the stand as his witness, and not having been proved, it is presumed not to be a fact. *Wood* v. *Holly Mfg. Co.*, 46 Am. St. Rep., 56.

Therrell was never in possession of the land—the three acres—on which the deadening was alleged. *Ry. Co.* v. *Buford*, 73 Miss., 507; *Martin* v. *Harvey*, 54 Miss., 685. Without title, or possession with claim of title, he cannot succeed. *Ware* v. *Collins*, 35 Miss., 223; *McCleary* v. *Anthony*, 54 Miss., 708; *De Jarnett* v. *Haynes*, 23 Miss., 600; *Miller* v. *Wessen*, 58 Miss., 834.

When Judge Terral's opinion is read on this point it should be in accordance with the key he himself furnished in the language, to wit: "The opinions of courts must be construed in the light of the facts of the cases in which they are delivered." *Wilkerson* v. *Jenkins*, 77 Miss., 603.

It is an action of "strict right, and must be established in evidence with reasonable certainty." *Mhoon* v. *Greenfield*, 52 Miss., 437.

But Therrell establishes with certainty that he never was in possession of this three acres strip, when the law requires him to establish that he was in possession.

There is no proof that Therrell did not give Ellis his consent. Without this his case fails. *Mhoon* v. *Greenfield*, 52 Miss., 438.

He, Therrell, was on the witness stand, called by his counsel, three or four times, and where it would have been so easy

to prove, if a fact, it is presumed not to be without his consent. *Wood* v. *Holly Mfg. Co.,* 46 Am. St. Rep., 56.

Assuming—what is not proven, and of which there is not any evidence—that Ellis directed Farlow to contract with these men to do the cutting, and Therrell abundantly proved that Farlow did not cut Therrell's trees willfully—assuming that they were Therrell's trees, which is not proven—but that he took "the ordinary reasonable pains to" keep on Ellis' land. *Mhoon* v. *Greenfield,* 52 Miss., 438-9.

The proof, introduced by Therrell, of the reasonable efforts of Farlow to deaden only on Ellis' land, is so overwhelming, uncontradictory and certain that there was nothing left for a jury to consider—nothing to do but find a verdict for defendant. *Knights of Honor* v. *Fletcher,* 78 Miss., 388-9; *Tribette* v. *R. R. Co.,* 71 Miss., 231; *Peterson* v. *Polk,* 67 Miss., 168; *Imp. & R. R. Co.* v. *Munson,* 81 U. S., 447, (20,872).

Argued orally by *Robert Lowry,* for appellant, and by *A. J. McLaurin,* for appellee.

TRULY, J., delivered the opinion of the court.

This was a suit brought by appellant seeking to recover the statutory penalty for trees charged to have been cut by the agent and employes of appellee on certain lands of appellant. There was no count in the declaration for the value of the trees; only the statutory penalty was sued for. Therefore, to entitle plaintiff to recover in the court below, it devolved on him to prove, first, that the trees were cut on land belonging to him, without his consent and within twelve months of the institution of the suit; second, that the cutting was done by defendant, or by his agent and employes, and, if by them, that their acts were within the scope of their authority, or were committed by the command or with the consent of their principal; third, that such cutting was done willfully, intentionally, and knowingly, or recklessly, carelessly, and without taking due and proper precaution to prevent the commission of a trespass.

*Mhoon* v. *Greenfield,* 52 Miss., 438; *Keirn* v. *Warfield,* 60 Miss., 808. Assuming that appellant's ownership of the land was duly proven, though no deed thereto was in fact introduced, and he admitted that he was never in actual possession (*R. R. Co.* v. *Buford,* 73 Miss., 508, 19 South., 584); assuming, further, that the cutting was without his consent, though that can only be inferred from the fact that he filed his suit; and assuming again that the trees were cut within twelve months of the filing of the suit, though there is an absence of positive proof on this point in the record—it was still incumbent on him to prove the other facts on which his right of recovery depended. There was no competent evidence showing that Farlow was the agent of appellee, and nothing tending to prove that he was authorized by appellee to cut any timber on any land. It is elementary law that agency cannot be proven by the acts or declarations of the alleged agent. *Newman* v. *Taylor,* 69 Miss., 670, 13 South., 831; *R. R. Co.* v. *Cocke,* 64 Miss., 713, 2 South., 495; *Kinnare* v. *Gregory,* 55 Miss., 622; *Gilchrist* v. *Pearson,* 70 Miss., 351, 12 South., 333. "An agent's authority cannot be proved by his acts done without the knowledge or authority of his principal." *Whiting* v. *Lake,* 91 Pa., 349. Appellee was not shown to have instructed, consented to, or known of the cutting of the trees by Farlow. Again, appellant failed to show any carelessness or recklessness in the cutting of the trees, or any lack of reasonable precaution in endeavoring to ascertain the boundaries of appellee's land. Therefore, even conceding the agency and authority of Farlow, appellee would only be liable for the actual value of the timber cut. *Keirn* v. *Warfield, supra.* Farlow, the alleged agent under whose direction the trees were cut, and the employes who did the cutting, were introduced as witnesses for appellant, and their testimony shows conclusively that every reasonable precaution was taken to prevent the commission of a trespass; that Farlow was familiar with the location of what were generally recognized as the established boundaries of appellee's land; and Farlow denied absolutely and emphatically

that he cut any trees on land belonging to appellant. In the face of this proof, the statutory penalty was not recoverable, and, as there was no count for value, it follows that the peremptory instruction for appellee was properly granted.

*Affirmed.*