## HALL v. SHEAN.

[71 South. 323.]

TRESPASS.  *Cutting timber.  Actions.  Damages.*

Where in a suit for actual damages for cutting trees, there was
evidence introduced by plaintiff which showed that the line be-
tween the land of plaintiff and the land upon which the defend-
ant was cutting timber was plainly marked, and also that about
nineteen trees were cut on the land of the plaintiff by the same
employees of the defendant who had cut the defendant's timber
north of the line, and that some of the timber was hauled and
delivered to the defendant at his sawmill and the evidence also
showed the actual value of the logs cut on plaintiff's land. In
such case the question of actual damages should have been sub-
mitted to the jury.

APPEAL from the circuit court of Bolivar county.

HON. W. A. ALCORN, Jr., Judge.

Suit by John J. Hall against C. D. Shean.     From   a
judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*D. J. Allen, Jr.,* for appellant.

*T. S. Owen,* for appellee.

SYKES, J., delivered the opinion of the court.

This suit was instituted in the circuit court of the sec-
ond district of Bolivar county by John I. Hall, the appel-
lant here, against C. D. Shean, the appellee, for damages
for the cutting of trees from the lands of the appellant.
The declaration is in two counts, the first count being for
the statutory penalty prescribed by section 4977 of the
Code for the cutting of these trees, and the second count
for the actual value of the trees cut. After the plaintiff
closed his case the defendant made a motion to exclude the

testimony and that he be granted a peremptory instruction, which motion was sustained; hence this appeal.

It is the contention of the appellee that the statutory penalty cannot be recovered in this case because the testimony fails to show that the trees were cut within twelve months before the institution of the suit, or that they were cut by the agents or employees of the defendant while acting within the scope of their employment, or that the cutting was done willfully or recklessly. It is the contention that no actual damages were proven, and that the testimony did not show that the employees of the appellee cut the trees from the lands of the appellant; that the declaration claimed as actual damages the value of the trees, while the only testimony as to actual value was the value of the logs or timber after the trees had been cut. We do not think the testimony in the case was sufficient to submit the question to the jury of the recovery of the statutory penalty in the case. *Therrill* v. *Ellis,* 83 Miss. 494, 35 So. 826.

On the question of actual damages, there was testimony introduced by the plaintiff which showed that the line between the land of the plaintiff and the land upon which the defendant was cutting timber was plainly marked. The testimony also shows that about nineteen trees were cut on the land of the plaintiff by the same employees of the defendant who had cut the defendant's timber north of the line. The testimony further shows that some of this timber was hauled and delivered to the defendant at his sawmill.

There was also testimony introduced as to the actual value of the logs cut upon the plaintiff's land. This case falls squarely within the rule announced in *Keirn* v. *Warfield,* 60 Miss. 799. The court erred in not submitting to the jury the question of actual damages under the testimony.

*Reversed and remanded.*