BARNETT *v.* STATE.

[87 South. 421, No. 21644.]

1. TRESPASS. *Criminal responsibility limited to "timber" described in statute.*

No convistion can be had under section 1379, Code 1906 (section 1119, Hemingway's Code), in the absence of proof that the trees cut were of the kind specifically described therein.

2. TRESPASS. *Willfulness or malice essential element of offense.*

No conviction can be had under section 1389, Code 1906 (section 1132, Hemingway's Code), in the absence of proof that the trespass committed was willful or malicious.

APPEAL from circuit court of Jasper county.

HON. W. H. HUGHES, Judge.

Andrew Barnett was convicted of unlawfully cutting and hauling wood, and he appeals. Reversed and rendered.

*Deavours, Hilbun & Deavours,* for appellant.

The affidavit charges that appellant "did unlawfully and willfully cut and haul fire wood and also wood for his own use after being ordered to stay off by affiant." This affidavit is wholly unsupported by the proof. There is no evidence in this record to show that the appellant knew anything about the claim of the prosecuting witness, Hardee, to the land in question, until the day the affidavit was made against him. There is no evidence that the appellant was ordered by Hardee to stay off the land.

Appellant is not guilty under section 1389 of the Code of 1906, providing punishment for the wilful or malicious trespass upon the real or personal property of another. A mere casual reading of the record will clearly show, we submit, that the appellant was acting in the utmost good faith and there is nothing in the record that will show any malice or wilfulness on his part. He had been in the possession of this property by virtue of a lease from his brother, undisturbed, for a period of thirty-seven years; he had permission from his brother to cut fire wood and the small saplings that he did cut; that he had no notice whatever of any claim to title of the property from Mr. Hardee. Certainly it most abundantly appears from the evidence that appellant is not guilty of a wilful or malicious trespass.

Appellant is not guilty of violating section 1379 of the Code of 1906, providing a penalty for cutting cypress, pine, oak, gum, hickory, pecan, walnut, mulberry, poplar, cottonwood, sassafras or ash trees belonging to any other person or corporation, without permission from the owner thereof. The evidence in this case does not show that the saplings cut by appellant were of the kind mentioned in said section 1379. There is nothing at all in the evidence to show what kind of saplings were cut by appellant. The appellant should not have been convicted for the offense mentioned in this section.

Appellant is not guilty of violating section 1394 of the Code of 1906, providing that no person shall go upon the enclosed land of another without his consent, after having been notified not to do so, or shall remain on such land after a request to depart. The proof in this case shows beyond dispute that appellant was in possession of the land on which the trespass is alleged to have been committed and had been for thirty-seven years; that he was never notified not to go upon said land, and there is no evidence to show that he was ever told to depart from this land, by the prosecuting witness, Hardee, or any one else. If appellant has violated any other statute we have, after diligent search, been unable to find it.

We submit that the first instruction given for the state, as shown on page 36 of the transcript is erroneous and should not have been given. In order for the appellant to be guilty of trespass, there must be a wilful or malicious trespass.

If appellee never knew that Hardee claimed this land, and was acting in good faith, then certainly there could be no malice or wilfulness in his acts. We presume the state was proceeding under section 1389 of the Code of 1906, to show that appellant was guilty of a wilful or malicious trespass. Certainly this instruction does not correctly state the law.

The next instruction given for the state as shown by page 37 of the transcript is also erroneous. It seems that this instruction was intended to cover the offense provided for in section 1379 of the Code of 1906. It is fatally defective for the reason that the instruction does not designate the kind of trees alleged to have been cut by the appellant. Section 1379 only applies to certain kind of trees mentioned therein. There is no proof as to the kind of trees cut by the appellant. Therefore there can be no conviction under this statute.

*H. Cassedy Holden,* assistant attorney-general, for the state.

It is first urged that the proof does not support the affidavit in that there is no evidence that the appellant was ordered to stay off the land prior to February 9. In answer to this contention it need only be said that such proof was not necessary to sustain a conviction under section 1379, Code of 1906. It was only necessary, under the affidavit and the above section, to prove that the defendant cut timber on the land of the affiant without his permission. This proof was made. See testimony of Mr. Hardee.

It is next contended that the appellant is not guilty under section 1389, Code of 1906. In answer to this contention, it need only be said that the appellant may or may not have been guilty under this statute, depending on his intention, and his intention was a matter for the jury to determine from the facts. He could have been convicted under this section or under section 1379.

It is next contended that the appellant is not guilty of violating section 1379, Code of 1906, because the evidence does not show that the saplings cut by appellant were of the kind mentioned in the said section. Section 1379 reads as follows:

"The same; from lands of others, if any person shall cut or raft any cypress, pine, oak, gum, hickory, pecan, walnut, mulberry, poplar, cottonwood, sassafras, or ash trees or timber upon any lands belonging to any other person or corporation, without permission from the owner thereof, or his agent duly authorized such person shall, on conviction be imprisoned in the county jail not more than five months, or fined not less than ten dollers nor more than one thousand dollars, or both."

It will be noted that the statute reads, "cypress, pine, etc. . . . or timber." It was not necessary, therefore, to prove what kind of trees the appellant cut and hauled away. It was sufficient to show that he cut and hauled away timber from the land of the affiant. The appellant himself admits that he did cut the timber and haul it

away, and that he cut it on the land of Mr. Hardee, the owner of the land and the affiant.

The appellant next contends that he is not guilty under section 1394, Code of 1906. In this contention the appellant is correct, since the affidavit would be insufficient to charge the offense denounced by section 1394. *Rube* v. *State,* 101 Miss. 362, 58 So. 99. But the affidavit is sufficient to charge the offense stated in sections 1379 and 1389, Code of 1906, and the proof is sufficient to sustain the charge and the conviction under either one of these sections.

The appellant next complains of the first instruction given for the state. I am unable to tell from the record which of the instructions counsel is referring to. Be that as it may, the state was given two instructions, both of which were proper. See record, pages 36 and 37. Under the theory of a conviction for a violation of section 1379 it was not incumbent upon Mr. Hardee to notify or serve notice on the defendant to keep off his land or to refrain from cutting trees and removing same therefrom.

The second instruction for the state is eminently correct, as will be seen by reading the same.

Conclusion. It is submitted that the appellant was rightfully convicted either under section 1379 or under section 1389, Code of 1906. The proof is amply sufficient to sustain a conviction. The trial court committed no errors sufficient to cause a reversal. It cannot be denied that the penalty is rather severe for an offense of this kind, especially under the circumstances of this case. I am compelled to say that it appears from this record that the defendant should have been given reasonable time within which to get off the land and cease cutting timber. There is nothing in the record that indicates malice or wrong intention on his part, unless the existence of these things may be deduced from the circumstances in evidence.

SMITH, C. J., delivered the opinion of the court.

The appellant was convicted in the court below on an affidavit charging that he "did unlawfully and wilfully cut and haul fuel wood, and also wood for his own use, after being ordered to stay off by affiant." Where or from what the wood was cut is not stated.

According to the evidence, the appellant cut and removed several small trees and a few old cross-ties from land of which he had been in possession for about thirty-seven years with the permission of his brother, who seems to have claimed to own the land. The cross-ties had been left on the land when a logging road thereon was removed. A man by the name of Hardee claims to be the owner of the land by purchase from a man by the name of Russell, though no deed to him thereto was introduced in evidence.

The contention of the attorney-general is that the conviction can be upheld under either section 1379 or section 1389, Code of 1906 (Hemingway's Code, section 1119 or section 1132).

Pretermitting any discussion of the several other questions presented by this record, it will be sufficient to say that the evidence brings the case within neither of the sections of the Code relied on by the attorney-general, for the evidence does not disclose that any of the kind of trees described in section 1379 were cut from the land by the appellant, and negatives any wilful or malicious intent on the part of the appellant in cutting the trees, as is required by section 1389.

The contention of the attorney-general that section 1379 prohibits the cutting of any timber upon land belonging to another is without merit, for the word "timber" therein must be read in connection with the words preceding it, and, when so read, the statute prohibits the cutting of any "cypress timber, pine timber," etc.

Reversed and judgment here for appellant.

*Reversed.*