TWITTY v. STATE.

(Division B.   March 9, 1931.)

[132 So. 746.   No. 29316.]

T. A. Clark, of Iuka, for appellant.

W. A. Shipman, Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was prosecuted under section 1149, Code of 1930, for trespass in cutting certain trees alleged to be on the land of one D. M. Buchanon without the permission of the owner thereof, and was convicted, and appealed to the circuit court, where he was again convicted.

Section 1149, Code of 1930, reads as follows: "If any person shall cut or raft any cypress, pine, oak, gum, hickory, pecan, walnut, mulberry, poplar, cottonwood, sassafras, or ash trees or timber upon any lands belonging to any other person or corporation, without permission from the owner thereof, or his agent duly authorized, such person shall, on conviction, be imprisoned in the county jail not more than five months, or fined not less than ten dollars nor more than one thousand dollars, or both."

It appears that Buchanon and Twitty owned adjoining land and that there had been an old fence between their property, the fence supposed to be on the line. The fence, however, was not perfectly straight. Mr. Buchanon first tried to buy from Twitty the timber adjoining Buchanon's land on Twitty's land, which Twitty refused to sell. Shortly thereafter Twitty began to cut the timber in dispute, which timber he supposed to be upon his land but which Buchanon claimed was upon his land. Thereupon Buchanon notified him not to cut the timber and Twitty agreed that he would not cut it until they could have the line located. A few days thereafter Twitty met Buchanon and requested that they get some named parties and locate the line, which Buchanon re-

fused to do. Thereupon Twitty stated that he was going to cut the trees and Buchanon could not prevent him from doing so. He did cut the trees, and afterwards Buchanon procured the county surveyor to run the line, and the line run by the surveyor showed that some of the timber cut by Twitty was upon the land of Buchanon. The county surveyor was placed on the stand as a witness; he did not have a record, but testified that he ran the line according to government corners. Twitty and several witnesses for him testified that the timber was upon Twitty's land according to what had been accepted and understood as the land line between the property of Buchanon and Twitty prior to the cutting.

The determination of the question depends upon a construction of section 1149 of the Code of 1930. If a knowing and willful cutting is required under the statute to constitute the offense, then the appellant is not guilty; but if a cutting without the consent merely, regardless of good faith or absence of knowledge or willfulness, constitutes the offense, then the conviction must be upheld.

We think the statute must be construed to mean that the cutting must be knowingly and willfully done, and that cutting by honest mistake, although done after warning from the claimant, does not constitute the offense. The language of section 1149, Code of 1930, is almost identical in phraseology with the trespass statute under chapter 66, Code of 1930; by section 3411, one of these sections, it is provided: "If any person shall cut down, deaden, or destroy or take away, if already cut or fallen, any cypress, white oak, black oak, or other oak, pine, poplar, black walnut, cherry, pecan, hickory, chestnut, birch, ash, holly, gum, persimmon, or beech tree, on land not his own, without the consent of the owner, he shall pay to the owner of the tree or trees, as a penalty, fifteen dollars for every such tree so cut down, deadened,

destroyed or taken away," etc. It has been held in a number of cases that the trespass, or cutting, must be willful or there must be such gross conduct with reference to it as is tantamount thereto. In McCleary v. Anthony, 54 Miss. 708; Mhoon v. Greenfield, 52 Miss. 434, and Keirn v. Warfield, 60 Miss. 799, it was held that the statutory penalty is recoverable only in cases of willful trespass or of neglect to take proper care and caution to avoid the trespass.

In the case before us, it is clear that the defendant was cutting under the bona fide belief that the timber was on his own land, and this belief was not only entertained but he had good reason to so believe, although the belief might not in fact have been accurate. We think the construction that we have placed upon the statute is sustained by Barnett v. State, 124 Miss. 884, 87 So. 421. It is true that in that case it was held that the proof did not bring the question within what is now section 1149, Code of 1930, or any other section of the law referred to in that opinion. Consequently the law does not intend to make it a crime for a person to cut timber upon the land of another where he believed in good faith and had a reason to believe that the timber was upon his own land. Even when land is surveyed by a surveyor the line is not always accurately located, and it is well known that in many cases surveyors, making a survey of land, run their lines somewhat differently or vary one from another. The statute only intends to protect against willfully or knowingly committing trespass.

The judgment of the court below will be reversed, and the appellant discharged.

Reversed, and appellant discharged.