## DRAUGHN v. STATE.

(Division A.   May 31, 1937.)

[174 So. 564.   No. 32615.]

**Earl L. Wingo,** of Hattiesburg, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the State.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was convicted under an indictment charging him with a violation of section 1149, Code 1930, which reads as follows: "If any person shall cut or raft any cypress, pine, oak, gum, hickory, pecan, walnut, mulberry, poplar, cottonwood, sassafras, or ash trees or timber upon any lands belonging to any other person or corporation, without permission from the owner thereof, or his agent duly authorized, such person shall, on conviction, be imprisoned in the county jail not more than five months, or fined not less than ten dollars nor more than one thousand dollars, or both."

In order for a crime to be committed under this section, the trees must be knowingly and willfully cut. Twitty v. State, 159 Miss. 593, 132 So. 746. The evidence for

the state discloses that the appellant had acquired a right to cut trees on land owned by Myers, which adjoined the land owned by Ted Munson, Inc., the line between which was not clearly marked. In cutting these trees, the appellant also cut fifty trees on Munson's land without the knowledge or consent of the Munson Corporation. The evidence for the state is barren of any indication that the trees on the Munson land were not cut by the appellant in good faith, believing that he had the right so to do, but seems to indicate the contrary.

The evidence for the defendant discloses, without contradiction, that the trees on the Munson land were cut by him in good faith under the belief that they were on the land belonging to Myers. The court below refused the appellant's request for a directed verdict of not guilty, and charged the jury for the state to find the defendant guilty if they believed from the evidence that he cut the trees ''without the consent of said corporation or its duly authorized agent . . .;'' ''that the good faith of the defendant in entering upon the lands of Ted Munson, Inc., a corporation, if he did enter upon said lands and cut pine trees thereon is immaterial in the case as far as the guilt or innocence of defendant of the crime with which he is charged is concerned, but the court charges the jury that the burden is upon a man cutting trees upon lands other than his own to ascertain whose land he is cutting trees upon, and then he acts at his own peril.''

The appellant's request for the directed verdict should have been granted. The judgment of the court below will be reversed and the appellant discharged.

Reversed and the appellant discharged.