[Criminal No. 104.   Filed October 8, 1895.]

[42 Pac. 711.]

FELIX BUSTEMENTE, Defendant and Appellant, v. UNITED STATES OF AMERICA, Plaintiff and Respondent.

1. PUBLIC LANDS—TIMBER—MESQUITE—REV. STATS. U. S., SEC. 2461, CONSTRUED.—Mesquite, a shrub or small tree, indigenous to the deserts, good only for firewood, and used in the manufacture of no useful article, is not "timber," within the meaning of the statute, *supra.*

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. J. D. Bethune, Judge. Reversed.

Statement of facts by Hawkins, J.

Appellant was indicted, tried, and convicted of the crime of unlawfully cutting and removing from the public lands of the United States "five cords of mesquite cordwood" for a purpose other than for the use of the navy of the United States, said public lands of the United States being non-mineral.

Barnes & Martin, for Appellant.

E. E. Ellinwood, United States Attorney, for Respondent.

HAWKINS, J.—The only question in this case is whether mesquite is "timber," within the meaning of section 2461 of the Revised Statutes of the United States. Mesquite is a shrub or small tree, indigenous to the deserts. In *United States* v. *Stores,* 14 Fed. 824, Locke, J., in charging the jury, says: "The term 'timber,' as used in commerce, refers generally only to large sticks of wood squared, or capable of being squared, for building houses or vessels." Again, we find: "As a generic term, it [timber] properly signifies only such trees as are used in building ships or dwellings." *United States* v. *Schuler,* 6 McLean, 28, Fed. Cas. No. 16,234. These definitions of "timber," as well as those given by the various lexicographers, show us that it includes all kinds of wood used in the manufacture or construction of useful articles. It is a matter of common knowledge that mesquite is a brittle, knotty, scraggy, fiberless, gnarled wood, and can only be used for firewood; it is used in the manufacture of no useful article; it only inhabits the desert; its removal from such land does not depreciate the value of the land to the government; that, if the desert lands of the government are ever to be reclaimed, the mesquite growth has to be removed. Neither a shipcarpenter, molder, cabinetmaker, lastmaker, carriage-builder, nor any other kind of woodworker, would include mesquite in their several classifications of timber. Such being true, what did Congress understand by the term when it passed the act in question? It mentions particularly live oak, red cedar, and speaks of other timber. Conceding that it was the intention of Congress to apply the term in its most general sense, as the cutting and removing of mesquite from the deserts in no wise injures the government, and gives some pio-

neer an occupation, keeping some lone quartz-mill running, and it would otherwise destroy a valuable industry, I am compelled to hold that Congress did not intend to include mesquite in the term "timber" when it passed said law, and so declare the law to be that mesquite is not "timber," within the meaning of said section 2461 of the Revised Statutes of the United States; and I am of opinion that the court below erred in not sustaining the demurrer to the indictment. The judgment is reversed, and the cause remanded.

Baker, C. J., concurs.

ROUSE, J.—I concur in the result. Appellant was accused, by the indictment, of the crime of cutting "five cords of mesquite cordwood." I do not think a crime was alleged in the indictment. The indictment was based on section 2461 of the Revised Statutes of the United States. That section makes it a crime to cut, etc., "timber." I hold that mesquite must be determined to be timber, or not, by its character, growth, fiber, and the uses to which it may be put, in being material of which useful articles can be made.