[Criminal No. 151.   Filed March 19, 1901.]

[64 Pac. 419.]

UNITED STATES OF AMERICA, Plaintiff and Appellant,
v. RAFAEL SOTO, Defendant and Respondent.

1. CRIMINAL LAW—PUBLIC LANDS—TIMBER—MESQUITE MAY BE—REV.
   STATS. U. S., SEC. 2461, CONSTRUED.—The statute, *supra*, makes
   it an offense to cut any live-oak or red-cedar trees or "other tim-
   ber on any lands of the United States, with intent to use the
   same in any manner other than for the use of the United States
   navy." *Held*, that the word "timber" includes all kinds of wood
   used either for building purposes or in the manufacture or con-
   struction of useful articles, and was not intended to be confined to
   trees or wood of such kinds and sizes as would be especially
   adapted to house or ship-building.

2. SAME—SAME—SAME—QUESTION OF FACT—INDICTMENT—DEMURRER—
   REV. STATS. U. S., SEC. 2461, CONSTRUED—BUSTAMENTE V. UNITED
   STATES, 4 ARIZ. 344, 42 PAC. 111, DISAPPROVED.—In a prosecution
   under the statute, *supra*, for cutting timber upon lands of the
   United States, the question of whether or not mesquite is timber
   must necessarily be one of fact, dependent upon the character
   of the wood charged and shown to have been cut or removed in
   each particular case, and is not a question which can properly
   be determined upon a demurrer to the indictment.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
Webster Street, Judge.   Declared error.

The facts are stated in the opinion.

Robert E. Morrison, United States District Attorney, and
T. D. Bennett, Assistant United States District Attorney, for
Appellant.

Joseph H. Kibbey, for Respondent.

DAVIS, J.—This is a criminal case, and the appeal is
taken by the government on a question of law alone, which
was decided adversely to the appellant in the court below.
The prosecution was founded upon section 2461 of the Re-
vised Statutes of the United States, which declares that "If
any person shall cut, or cause or procure to be cut, or aid, or
assist, or be employed in cutting any live-oak or red-cedar

trees, or other timber on, or shall remove, or cause or procure
to be removed, or aid, or assist, or be employed in removing
any live-oak or red-cedar trees or other timber, from any . . .
lands of the United States, . . . with intent to export, dis-
pose of, use, or employ the same in any manner whatever,
other than for the use of the navy of the United States; every
such person shall pay a fine not less than triple the value of
the trees or timber so cut, destroyed, or removed, and shall
be imprisoned not exceeding twelve months." After the
usual jurisdictional and necessary averments, the indictment
charged "that the said Rafael Soto, within and upon the pub-
lic unsurveyed lands of the United States, and upon the
lands known and designated as the 'Camp McDowell Military
Reservation,' did unlawfully, willfully, and wrongfully cut,
cause to be cut, remove, and cause to be removed therefrom,
mesquite trees and mesquite timber, to wit, five hundred mes-
quite trees, of the value of two hundred and fifty dollars,
lawful money of the United States, with the intent then and
there to use and dispose of the same in a manner other than
for the use of the United States navy." The defendant de-
murred to the indictment on the ground that the facts stated
did not constitute a public offense, relying upon the former
adjudication of this court in *Bustamente* v. *United States,* 4
Ariz. 344, 42 Pac. 111, wherein it was distinctly held that
"mesquite is not 'timber,' within the meaning of said section
2461." The district court, following the authority of that
decision, sustained the demurrer, and ordered that judgment
be entered dismissing said cause and discharging the defend-
ant.

Counsel for the government have brought this appeal upon
the theory that there is manifest error in the ruling and judg-
ment of the lower court, and that the correction thereof is
important to the proper and uniform administration of the
criminal law. We are asked to review the holding in *Busta-
mente* v. *United States, supra,* as that case involved the same
questions which are here again presented for our considera-
tion. These are: 1. Is mesquite timber or not, within the
meaning of section 2461 of the Revised Statutes of the United
States? 2. Can the question of whether mesquite is timber
or not be properly determined upon demurrer to an indict-
ment charging the unlawful cutting of mesquite on the public

domain? The term "timber," in its earlier signification, was applied chiefly to wood of the larger dimensions used in the building of houses and ships; but the general use of all kinds of forest trees for constructive purposes has given to the term a less restricted meaning. Webster defines "timber" to be "that sort of wood which is proper for building, or for tools, utensils, furniture, carriages, fences, ships, and the like; usually said of felled trees, but sometimes of those standing." In this sense it would include all kinds of wood used either for building purposes or in the manufacture or construction of useful articles. The language of the section under which the indictment was drawn mentions particularly live-oak and red-cedar trees, and then refers to other timber, showing conclusively that it was not the intention of Congress to confine the protection extended to any particular class or kind of trees, but to apply it in its most general sense. And this interpretation is in accord with the use of the word "timber" in other enactments of Congress at places where its obvious meaning absolutely precludes the idea that the term was intended to be confined to trees or wood of such kinds and sizes as would be especially adapted to house or ship building. *United States* v. *Stores,* (C. C.) 14 Fed. 824. It is to be observed that in *Bustamente* v. *United States, supra,* this court conceded to the term its broader signification, but, upon what was assumed to be common knowledge, proceeded to characterize the mesquite as "a brittle, knotty, scraggy, fiberless, gnarled wood that can only be used for firewood. It is used in the manufacture of no useful article. It only inhabits the desert. . . . Neither a ship-carpenter, molder, cabinet-maker, last-maker, carriage-builder, nor any other kind of wood-worker would include mesquite in their several classifications of timber,"—from which the court in that case reached the conclusion that Congress did not intend to include it in the term "timber" when it passed this law; and for the reason that mesquite was not timber, within the meaning of the law, it was ruled that the demurrer to the indictment should have been sustained. If the wood in question is accurately distinguished by the description given to it by the learned judge who wrote the prevailing opinion in the Bustamente case, and the characteristics therein mentioned are commonly known and recognized, then, doubtless, his con-

clusion is correct.  But investigation into the various growths, character, and known uses of the mesquite tree will not, we believe, warrant the sharply defined limitation which the court, from judicial knowledge, has placed upon its utility. From the Century Dictionary we obtain the following definition: "Mesquite.  An important leguminous tree, or often shrub, *Prosopis juliflora,* growing from Texas to southern California, and thence southward to Chile.   It reaches a height of 30 or 40 feet, but is often scrubby, forming dense clumps of chaparral.   Under the action of prairie fires it is reduced to a low shrub, developing then an enormous mass of roots, locally known as underground forest, of great value as fuel.  The wood is heavy, and very hard, almost indestructible in contact with the ground.   It is used for the beams and underpinnings of adobe houses, for posts and fencing, for fuel, and for furniture.   It is of a brown or red color, handsome when polished, but difficult to work."   For the region of Arizona  the mesquite to a considerable extent fulfills the functions of a forest tree.   Although used chiefly for fuel, its value for constructive purposes has also been recognized, and the use of mesquite of larger growth in the construction of buildings and fences here is sufficiently common to make it a matter of general knowledge.   We hold, therefore, that in prosecutions under the foregoing statute the question of whether or not mesquite is timber must necessarily be one of fact, dependent upon the character of the wood charged and shown to have been cut or removed in each particular case, and that in the case at bar it was not a question which could properly be determined upon a demurrer to the indictment. This view leads to the disapproval of the law as declared in *Bustamente* v. *United States, supra,* and it also follows that there is error in the ruling and judgment of the lower court. But, as that judgment in this case operates as a bar to another prosecution for the same offense, the statute prevents its reversal.

Sloan, J.. and Doan, J., concur.