VINEGAR BEND LUMBER CO. *v.* CHURCHWELL, ET AL.

[86 South. 299, No. 21250.]

EVIDENCE. *Parol evidence admissible to show meaning of "timber" in deed conveying pine timber.*

Where a deed conveys all pine "timber" situated on described land, parol evidence is admissible to show what the word "timber" means in such deed; the term "timber" being one of indefinite meaning. *Kerl* v. *Smith.* 96 Miss. 827, 51 So. 3, cited—citing Words and Phrases, First and Second Series, Timber.

APPEAL from chancery court of Greene county.

HON. W. M. DENNY, JR., Chancellor.

Suit by C. V. Churchwell and others against the Vinegar Bend Lumber Company and others. From a decree in accordance with a master's report, defendant company appeals. Affirmed.

*White & Ford,* for appellant.

*Gex & Waller,* for appellee.

No brief of counsel for either side found in the record.

ETHRIDGE, J., delivered the opinion of the court.

The appellees, Mrs. C. V. Churchwell and S. I. Church-well, on the 4th day of April, 1900, by deed conveyed "to the Mississippi Yellow Pine Lumber Company all of the pine timber now standing upon that certain tract," etc., describing certain lands, "also a right of way through the above land for a tramroad, together with all and singular the rights, privileges and appurtenances thereunto belong-ing, or in any wise appertaining." Subsequently the Mis-sissippi Yellow Pine Lumber Company conveyed the lands by warranty deed to Leatherbury & Patterson, a firm com-posed of Geo. S. Leatherbury, Jr., and Alexander J. Pat-terson. Thereafter Leatherbury conveyed to Cowan, Cow-an to Turner, and Turner to the Vinegar Bend Lumber Company.

In 1904 Churchwell filed a bill in the chancery court against the Mississippi Yellow Pine Lumber Company, John O. Gresham, Geo. S. Leatherbury, Jr., Alexander J. Patterson, L A. Cowan, and Noel E. Turner, alleging that there was a mistake in the deed, in that it conveyed cer-tain lands that were not intended and agreed to be con-veyed, and, further, that there was an agreement that the timber was to be cut and removed within a limited time, to-wit, two years, which agreement was not embraced in the deeds, and asked to have said deeds canceled so far as they affected his rights, or to have them reformed to embrace the said agreement. The chancery court denied the relief thus sought, and dismissed the bill.

The present bill was filed at the June, 1914, term of the chancery court, seeking to recover actual and statutory damages for the wrongful cutting of certain trees upon said lands so conveyed in the deed above described. In the present bill it is alleged that the word "timber" as used in this deed was used for the purpose of conveying only such trees on said land as were commonly and usu-ally known as timber for sawmill purposes or as sawlogs or timber trees out of which logs could be cut, and that

it was never intended by the said instrument that any other timber should be taken by virtue of said deed; that by the terms of the agreement the said Mississippi Yellow Pine Lumber Company was to have only reasonable time in which to cut and remove the granted timber, and if same were not removed within a reasonable time, or within two years, the right of the vendee to the timber would be abrogated and cease.

It is alleged that the Vinegar Bend Lumber Company conveyed, or attempted to convey, to Goins the right to turpentine the timber on said land, and that Goins entered upon the land and turpentined the same; it being alleged that they had no right to so turpentine the timber; that said timber was greatly damaged by such operations.

Afterwards an amended bill was filed, alleging that the Vinegar Bend Lumber Company had cut the trees from the land, and that it cut numbers of trees of various dimensions set forth in the bill. It was contended that the right acquired under the deed was only to cut pine trees of fourteen inches in diameter at the small end of the log, and the allegation shows numerous trees of less than fourteen inches in diameter were cut.

The defendants contend that they had the right without limit of time or size to cut said timber. They also contended that the former suit is *res adjudicata* of the issues of this suit. But an agreement was signed by the parties complainant and defendant that, if the chancellor found for the complainants and directed a master to state an account, the master should report the damage sustained at five hundred dollars.

The proof for the complainants showed an agreement and understanding at the time of the making of the conveyance that only timbers fourteen inches in diameter or upwards should be cut under the deed. It was also shown that in that community the Moss Point Lumber Company or its mills, who alone prior to that time had bought and cut timber for sawmill purposes in that community, only

cut trees of fifteen inches in diameter and upwards.   Defendants objected to this testimony, but the chancellor admitted it, and found for the complainants and referred the matter to a master for an accounting as to the actual value of the timber, with directions to report the five hundred dollars damages as stipulated in the agreement, the complainants having dismissed without prejudice as against the defendants other than the Vinegar Bend Lumber Company.   The master so reported, and the court entered a decree against the Vinegar Bend Lumber Company in accordance with the master's report, from which decree this appeal is prosecuted.

In the case of *Kerl* v. *Smith,* 96 Miss. 827, 51 So. 3, it was held by this court that under a written contract evidencing a conditional sale by the terms of which the buyer was to pay for the property in timber if he owned sufficient in the neighborhood of the seller's mill, and, if not, then in timber to the extent of his ownership and the balance in money, the term "timber" may be shown by parol to have meant "merchantable pine timber," and to that end the business in which the seller was engaged and the meaning of the term in that business, known to both parties, may be proved, since such testimony does not contradict, but explains the meaning of the term as used in the contract.   In the course of the opinion in that case Judge Mayes, speaking for the court, said:

"It was competent for the plaintiff to show what was meant by the word 'timber' in this contract, and it was error for the court to exclude testimony offered for this purpose.   The use of the word 'timber' in the contract, with nothing in the contract to explain what kind of timber is meant, is not so accurate a designation of what was sold as to preclude investigation as what was meant by it in this ambiguous contract.   It was permissible for plaintiff to show what particular business he was engaged in and known to defendant, and what the common acceptation of the word 'timber' meant in that business, and at the place where he was conducting it.   Such testimony is

in no sense contradictory of the terms of the contract, but it is essential to explain its meaning, since the contract itself does not do that."

See, also, Words and Phrases, First and Second Series, defining timber, which show that the word "timber" is not a word of invariable meaning.

We think, as used in this deed, the word "timber" does not have a precise and definite signification, but is to be interpreted in the light of the surrounding transaction and situation and understanding of the parties.

We are also asked to pass upon the proposition as to whether trees growing on the land at the time of the conveyance, but under the dimensions contemplated in the contract, but which subsequent to the contract and at the time of the cutting may have grown to such dimensions, are embraced in the contract and may be cut by the grantee. In other words, whether the grantee may cut such trees as have grown since the execution of the deed to the dimensions contemplated in the contract. Under the proof in the case before us the chancellor was warranted in finding for the complainants, as there were numerous trees which at the time of the cutting were less than fourteen inches in diameter, which complainants contend were understood to be the diameter of the timber conveyed.

The pleadings do not present specifically the issue as to whether the timber cut had grown to the dimension of fourteen inches subsequent to the deed, and the proof is not so clear on this point as to make it advisable to deal with that question. There was much timber cut that did not measure fourteen inches in diameter at the time of the cutting, and under the agreement the complainants were entitled to recover the five hundred dollars if there was any liability; so we will not now decide this question as to subsequent growth. What we have said leads to an affirmance of the judgment.

*Affirmed.*