### KNOBLOCK v. GILCHRIST-FORDNEY CO.

(Circuit Court of Appeals, Fifth Circuit. February 6, 1923. Rehearing Denied March 7, 1923.)

No. 3947.

1. **Appeal and error ☞997(3)—Motion by both parties for directed verdict precludes review, if there was evidence to sustain verdict directed.**

   Where both parties moved for directed verdict, judgment on verdict directed for one must be affirmed, if there was enough evidence to sustain the verdict.

2. **Trespass ☞63—Statutory penalty applies only in case of willful trespass.**

   Code Miss. 1906, § 4977, declaring a penalty for cutting down certain kinds of trees on lands of another, without the owner's consent, applies only to cases of willful or reckless trespass.

3. **Trespass ☞46(3)—Finding of want of willfulness sustained.**

   Finding, in action against one having right to cut timber, for penalty prescribed by Code Miss. 1906, § 4977, for cutting down trees on the land of another without the owner's consent, that a willful trespass was not shown, held sustained by the evidence.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by Mrs. Jessie I. Knoblock against the Gilchrist-Fordney Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Robert L. Bullard, of Hattiesburg, Miss., for plaintiff in error.
T. J. Wills, of Hattiesburg, Miss., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is a writ of error, sued out by Jessie I. Knoblock, plaintiff, to a judgment in favor of the Gilchrist-Fordney

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Company, defendant. Section 4977, Mississippi Code of 1906, provides that if any person shall cut down, destroy, or take away any pine, oak, hickory, or other kinds of trees therein mentioned, growing or being on land not his own, without the consent of the owner, he shall pay to the owner $15 for every such tree.

The plaintiff seeks to recover as damages the statutory penalty for a number of pine, oak, and hickory trees cut or removed from her land by defendant during April of 1920, or shortly thereafter. In 1916, the plaintiff acquired the title to a 40-acre tract of land subject to a lease, executed in 1903, which granted to the defendant, as assignee, the right to cut and remove all the timber thereon for a period of 25 years, and to construct a railroad on the land for logging purposes.

In 1918, the plaintiff notified the defendant by letter that she objected to a skidder being used for the purpose of removing the timber, and also warned the defendant that it was only entitled to remove such trees as were suitable for timber in 1903, the date of the lease. In compliance with plaintiff's demand, a skidder was not used, but the timber removed by defendant was hauled away by teams. A number of saplings and other small trees, unfit for timber, were cut down and left upon the land; but, according to defendant's evidence, it was necessary to do that in order to make a driveway for the teams and to get out the larger timber which was removed. There was also evidence for the defendant to the effect that some of the timber suitable for lumber was not cut down, but was left on account of plaintiff's letter, and because of the necessary damage which would be done to the smaller trees. There was further evidence to the effect that the defendant did not remove from the land any timber measuring less than 12 inches in diameter, and that timber of that size was considered merchantable in 1903. The defendant's superintendent, under whose directions the timber was removed, testified that he believed the defendant had the right to remove such trees as had grown during the term of the lease to the merchantable size prevailing at the time the lease was made.

[1] At the conclusion of the evidence each of the parties moved for a directed verdict, whereupon the court directed the jury to find for the defendant, which was done. If there was enough evidence to sustain the verdict, it becomes our duty to affirm the judgment, since each of the parties requested a peremptory instruction. Holbrook v. Shepard (C. C. A.) 279 Fed. 193, and cases there cited.

[2] The Supreme Court of Mississippi has construed the statute relied on by plaintiff to apply only to cases of willful trespass. If the cutting be not done willfully, intentionally, and knowingly, or recklessly, the statutory penalty is not recoverable. Mhoon v. Greenfield, 52 Miss. 434; McCleary v. Anthony, 54 Miss. 708; Lusby v. Railroad Co., 73 Miss. 360, 377, 19 South. 239, 36 L. R. A. 510.

[3] Defendant's good faith was a question of fact. The destruction of some of the small trees, by cutting them down, was unavoidable, and there was evidence tending strongly to show that no unnecessary waste was committed. The defendant, at plaintiff's demand, gave up the right, which it undoubtedly had, to use skidders, and adopted the

less objectionable, and only practical, method of using teams, and, in doing so, indicated a disposition to do as little damage as possible. The lease is silent upon the subject of defendant's right to cut and remove trees which were too small to be classed as timber at the date of the lease, but which, during the term thereof, should grow large enough to become timber. Whether such a lease confers upon the lessee the right to cut and remove such trees is a question which had not been decided by the Supreme Court of Mississippi at the time of the alleged trespass complained of by the plaintiff. Vinegar Bend Lumber Co. v. Churchwell, 123 Miss. 807, 86 South. 299. Plaintiff's notice and warning to the defendant did not specify timber of any particular size and forbid its removal, but left the question of what trees passed under the lease to be determined by the defendant at its peril.

We think there is enough evidence to sustain the conclusion of the trial court that the plaintiff failed to show a willful trespass.

The judgment is affirmed.