EDWARD HINES YELLOW PINE TRUSTEES v. BOND.*

(Division A.    March 7, 1927.    Suggestion of Error Over-
ruled April 18, 1927.)

[113 So. 184.  No. 26322.]

EVIDENCE. *Testimony of grantor and grantee in deed of "all timber"
as to construction and intention held properly excluded.*

Where, in suit between one claiming under deed of "all timber"
on certain land and subsequent grantee of the land, it was pro-
vided by agreed statement of facts that the term timber as used
in the deed had at the time and place a well-defined meaning,
fixed by local custom and usage of timber men, of pine trees
suitable for manufacture into lumber, including only those
twelve inches or more in diameter twenty-four inches above
the ground, and grantor and grantee in the timber deed testi-
fied that the agreed statement of facts correctly stated the cus-
tom and usage, *held* that their testimony of what their under-
standing was as to what each thought "all timber" meant, say-
ing they construed the deed to mean all kinds and sizes of
timber on the land, but without saying that there was any such
agreement between them, was properly excluded; it not dis-
closing any agreement or understanding different from the
language of the deed.

*Corpus Juris-Cyc References: Evidence, 22CJ, p. 1183, n. 74; p.
1191, n. 5.

APPEAL from chancery court of Pearl River county.
HON. T. P. DALE, Chancellor.

Suit by Rutillus Bond against Edward Hines Yellow
Pine Trustees. Decree for complainant, and defendant
appeals. Affirmed.

*H. Cassedy Holden* and *T. J. Wills,* for appellant.

The sole question in this case is what is meant by the
language used in the timber deed from John A. Beall
to R. Batson providing for sale of "all timber." This

court has held in a number of cases that the word *timber* in a deed of conveyance is ambiguous and susceptible to proof of its meaning by parol evidence. *Karl* v. *Smith*, 96 Miss. 827, 51 So. 3; *Vinegar Bend Lbr. Co.* v. *Churchwell et al.*, 123 Miss. 807, 86 So. 299; *Lowery* v. *Williams*, 143 Miss. 661, 109 So. 670.

In the instant case it was shown by the testimony of the grantor and the grantee in the timber deed that the terms "all timber" and "all the timber" meant all trees of every size, kind and description standing upon the land and was not intended to be limited to trees of any particular diameter or size. And it is no answer to say that in the agreed statement of facts it is agreed that the word *timber* meant, at the time of the making of the deed, such trees as were suitable for saw logs; to-wit, trees twelve inches in diameter twenty-four inches from the ground. This may have been the customary meaning and acceptation of the word at that time but it is the intention of the parties to a contract that must govern and not the custom existing at the time of the making of the contract.

*Hathorn & Williams*, for appellee.

A deed to timber becomes effective on its being signed and delivered and, in the absence of provisions to the contrary in the deed, will not include trees which were not considered timber at the date of the deed but subsequently become such by growth or change of custom in interpreting the word. See *Robertson* v. *Western Lbr. Co.* (Miss.), 87 So. 121, and cases cited. The deed in the case at bar, therefore, conveyed to Batson only those trees which answered the description "timber," as used in the deed on May 6, 1901.

The term *timber* as used in a timber deed or timber contract, with nothing in the contract to explain what kind of timber is meant, is held to be an ambiguous term and it is held that such terms may be shown by parol to

have meant "merchantable pine timber." See *Kerl* v. *Smith,* 96 Miss. 827, 51 So. 3; *Vinegar Bend Lbr. Co.* v. *Churchwell* (Miss.), 86 So. 299.

In the case at bar the ambiguity of the term *timber* used in the contract is cleared up and its meaning is made certain by the agreed statement of facts which shows that the phrase *"as used in said deed"* had a local well-defined meaning where the lands are situated, which had been fixed by the custom or usage of lumbermen and timbermen in the locality, and that this well-defined meaning limited the said term "timber" to pine trees which then measured twelve inches or more in diameter twenty-four inches above the ground.

In further support of the correctness of the decision of the chancellor, in the light of the agreed statement of facts which shows that the term *timber, as used in said deed,* had a well-defined meaning in the locality of the land as fixed by the custom and usage of lumbermen and timbermen in the locality, we call the court's attention to 17 C. J., page 492, paragraph 58 E-l-a. In support of this text there are cited two pages of authorities embracing cases from all other states in the Union and including the state of Mississippi, the United States district courts, circuit courts of appeal and supreme court of England, and the provinces of Ontario and Quebec. *Lumber Co.* v. *Jernigan* (Ala.), 64 So. 300, is directly in point.

The decree of the chancellor was correct.

McGOWEN, J., delivered the opinion of the court.

In the chancery court appellee, Rutillus Bond, by his bill alleged, and by his proof sustained, the allegation that appellant, Edward Hines Yellow Pine Trustees, by its authorized agents, cut and removed from appellee's land trees of the value of one thousand two hundred eighty-seven dollars and fifty cents.

Appellee acquired title from Beall to the land on which the trees stood on December 30, 1901. Beall's title was

direct from the government. On May 6, 1901, Beall conveyed certain trees to R. Batson, and appellant's defense rested on a construction of the last-named timber deed, the material parts of which timber deed we quote as follows, to-wit:

"We grant, bargain, sell, convey, and warrant unto Randolph Batson of Hillsdale, Mississippi, his heirs and assigns, all timber on the land described as follows. [Here follows description of land.]"

Again there occurs this clause in the deed:

"It is intended that this instrument is to convey all the timber on forty acres of land in the above section and township as stated."

It was further alleged in the bill, and agreed to by counsel, that:

"The term 'timber,' as used in said deed, had in Pearl River county, where the lands are situated, a local, well-defined meaning, and that these words meant pine trees from which saw logs suitable for manufacturing into lumber were cut, which meaning had been fixed by the custom or usage of lumbermen and timber men in their operations in said locality; that by said usage and custom pine trees which measured less than twelve inches in diameter twenty-four inches above the ground were not considered timber in said locality on the date of said deed, but only those pine trees which measured twelve inches or more in diameter twenty-four inches above the ground, were then considered timber in said locality.

"It was further agreed that the defendants cut and removed from said land, on and before January 1, 1922, pine trees of the actual value of one thousand dollars, which measured less than twelve inches in diameter twenty-four inches above the ground at the time of said timber deed from John A. Beall and wife to R. Batson.

"It was further agreed that the defendants (appellants) cut the timber under a claim of ownership by mesne conveyances from John A. Beall and wife."

Beall, the grantor in the timber deed, and Batson, the grantee, testified orally what their understanding was as to what each the grantor and the grantee thought "all timber" meant, saying they construed the deed to mean all kinds and sizes of timber on that forty acres, but they did not say that there was any such agreement between them.

As we construe the evidence of these witnesses, they both agree that the word "timber" had the meaning set forth in above agreed statement of facts in that community and locality as fixed by custom and usage there.

The complainant rested his case on above agreed facts.

The court, on motion, excluded the testimony of Beall and Batson as to construction of the contract and as to their intention.

We think the court was correct in so holding, because the closest scrutiny of their evidence does not disclose any agreement or understanding different from the language of the deed, and they both testified that the agreed statement of facts correctly stated the custom and usage in that locality at the date of the execution of the timber deed.

It follows that the decree of the court below was in accordance with the rule announced in *Kerl* v. *Smith,* 96 Miss. 827, 51 So. 3, and adhered to in the cases of *Vinegar Bend Lumber Co.* v. *Churchwell et al.,* 123 Miss. 807, 86 So. 299, which we will not repeat here, contenting ourselves with saying that parties may not be heard to construe their intentions for the courts, in the absence of agreement a quarter of a century after the contract was made. What they state was said is identically the language of the deed.

*Affirmed.*