OVERBY *et al. v.* BURNHAM *et al.*

(In Banc. Feb. 24, 1941.)

[200 So. 591. No. 34460.]

436

**W. E. McIntyre** and **H. H. Bullock**, both of Brandon, for appellants.

**J. C. Murray,** of Brandon, for appellees.

**McGehee, J.,** delivered the opinion of the court.

In February, 1927, the appellants sold and conveyed unto the appellees "all of the timber of every description now down, standing or growing" on a certain 100 acres of land in Rankin County, describing the land, and also the "right to enter upon the land with all necessary teams, trucks, wagons, tools and all machinery in the

way of a sawmill, to cut, saw and remove said timber and any lumber manufactured from said land.'' The deed further provides that: ''All timber remaining on said land and uncut at the end of fifteen years after this date shall revert to the grantors.''

On July 1, 1940, the appellees, as grantees in the deed, filed their bill of complaint in the chancery court of said county alleging that they were the sole owners of ''the said timber and timber rights hereinabove stated,'' and that the defendants, as grantors in the deed, ''refuse to permit complainants, their agents, servants or employees to enter upon the said land to cut and remove the said timber, or any part thereof.'' A permanent injunction was prayed for to restrain the defendants from cutting or removing any of said timber, and from interfering with the cutting and removal thereof by the complainants at any time prior to February 18, 1942. From a final decree granting the injunction as prayed for, the defendants appeal.

The allegations of the bill were sworn to by the attorney for complainants as being true and correct ''to the best of his knowledge, information and belief.'' Answer under oath was not waived. The answer under oath admitted the execution of the timber deed, and that the defendants had refused within recent years to permit the grantees therein to enter upon the land to cut and remove any timber, but the answer sets forth, as a reason for such refusal, that the word ''timber'' as used in the said deed meant only those trees on said land at the date of the deed on February, 18, 1927, which were then in that locality customarily used and considered suitable for manufacture and sale, and that the word ''timber,'' as understood and used in the locality where the deed was executed at the date thereof, and as fixed by common understanding and custom in that community, included only such timber as has already been cut and removed by the grantees. The answer therefore denied that the complainants are the owners of any timber on the land.

The court below held that the complainants were not required to offer any proof in chief other than the timber deed in order to be entitled to the relief sought; that the deed speaks for itself. Thereupon, the defendants, not choosing to rely upon, and failing to invoke, the efficacy of their sworn answer in regard to such averments as may have been strictly in response to the allegations of the bill, sought to make proof thereof by witnesses along with their attempt to prove certain affirmative matters set up as a defense, and offered to prove that the complainants were not the owners of any timber now on the land—for which they were seeking to enforce the right to cut and remove—by showing what constituted timber at the time the conveyance was executed; and that all of the timber as of the date of the deed had long since been cut and removed by the grantees. The court sustained an objection to the testimony, and held that no testimony would be admitted to qualify or restrict the meaning of the word "timber" so as to limit it to "merchantable or timber suitable for sawmill purposes or to any other purpose."

Notwithstanding the admission in the answer that there is now some timber on the land, but which is alleged therein to have grown to be such since the date of the conveyance, we are of the opinion that it was competent to prove that all trees or tree-growth that constituted "timber" of any description at the time of the conveyance, within the definition of that term as approved by the previous decisions of this Court, had been cut and removed by the grantees in the deed prior to the filing of this suit for injunctive relief against the grantors.

It should be kept in mind that the deed conveyed "all the timber of every description now down, standing or growing" on the land described. It is therefore necessary for the Court to determine whether all of the timber of every description which was then down, standing or growing on the land has been cut and removed, and in the event it should be ascertained that there still remains

on the land some portion of the timber of any description which was then down, standing or growing on the land at the time of the execution of the deed, then the right of the grantees to enter upon the land for the purpose of cutting and removing the timber would be limited to such portion thereof as constituted timber when the conveyance was executed.

In the case of Kerl v. Smith, 96 Miss. 827, 51 So. 3, 4, involving a written contract for the sale of timber, the Court said: "It was competent for the plaintiff to show what was meant by the word 'timber' in this contract, and it was error for the court to exclude testimony offered for this purpose. The use of the word 'timber' in the contract, with nothing to explain in the contract what kind of timber is meant, is not so accurate a designation of what was sold as to preclude investigation as to what was meant by it in this ambiguous contract." In the case of Vinegar Bend Lumber Company v. Churchwell et al., 123 Miss. 807, 86 So. 299, where a timber deed conveyed "all of the pine timber now standing upon that certain tract," etc., describing certain lands, the Court said: "We think, as used in this deed, the word 'timber' does not have a precise and definite signification, but is to be interpreted in the light of the surrounding transaction and situation and understanding of the parties." The Court in that case was also asked to pass upon the proposition as to whether a grantee may cut such trees as have grown since the execution of the deed to the dimensions contemplated in the contract. The pleading however did not present specifically that issue, and the question was not decided. Later, the Court expressly held in the case of Robertson v. Weston Lbr. Company, 124 Miss. 606, 87 So. 120, 124, that "A deed to timber becomes effective on its being signed and delivered, and in the absence of provisions to the contrary will not include such timber as grows subsequently so as to come within the meaning of the term as of the time of the cutting rather than the date of the conveyance." The

Court cited numerous cases to support the principle above announced, and then further stated, "There are some cases to the contrary, but we think the above announced the sound rule and accord with the weight of authority."

It is true that the deed then under consideration involved sixteenth section timber, as to which the board of supervisors was only permitted to sell such as was merchantable. Nevertheless, the Court was announcing the rule applicable in all cases when expressing the views hereinbefore quoted, and in its citation of the numerous authorities in support thereof. Thereafter, in the case of Great Southern Lbr. Company v. Newsom Brothers, 129 Miss. 158, 91 So. 864, 865, the Court called attention to the fact that years ago, the only practical use made of timber was to manufacture it into lumber, but that now the uses of timber have multiplied, including the manufacture of small timber into paper, and that the general employment of all kinds of trees for some valuable purpose has wrought a change in the general acceptation of the terms in connection therewith; and the Court then approved Webster's definition of timber as being "that sort of wood which is proper for buildings or for tools, utensils, furniture, carriages, fences, ships, and the like;" also, the definition found in the case of United States v. Soto, 7 Ariz. 230, 64 P. 419, 420, that "Timber . . . include[s] all kinds of wood used either for building purposes or in the manufacture or construction of useful articles."

Then, in the case of Slush et al. v. Foxworth, 146 Miss. 360, 111 So. 841, 842, decided in September, 1926, the Court had under consideration the proper construction of a timber deed conveying "all the timber and wood of any and all kinds standing, lying, and being" on certain lands described. In other words, the deed not only conveyed all the timber, but also the wood of any and all kinds. The grantors who were the complainants in that litigation sought to limit the meaning of the word "timber" to trees of such dimensions testified to upon the

trial, and to limit the term ''wood'' to only such wood as was customarily used for fuel. The Court held that the proof thus offered to so limit the meaning of the conveyance was inadmissible, and again approved its previous definition of timber by saying: ''In the case of Great Southern Lumber Co. v. Newsom Bros., 129 Miss. 158, 9 So. 864, this court approved Webster's definition of timber as being 'that sort of wood which is proper for buildings or for tools, utensils, furniture, carriages, fences, ships, and the like,' and also cited with approval the case of United States v. Soto, 7 Ariz. 230, 64 P. 419, in which timber is defined to be 'all kinds of wood used either for building purposes or in the manufacture or construction of useful articles;' '' and then held that the deed conveyed all the trees which would make timber within these definitions. The deed of conveyance now before us was executed shortly after these definitions of timber had been thus approved by the Court, and the draftsman of the deed is presumed to have prepared it with these decisions in mind.

It should be observed that in the case of Slush et al. v. Foxworth, supra, the suit was to recover on behalf of the grantors for timber already cut; that it was brought within the statutory period allowed therefor; and that the decision did not deal specifically with the then ownership of such trees as had become timber subsequent to the execution of the timber deed in 1913, within the meaning of that term according to the definitions again expressly approved by the Court in that case. It is also significant that the Court did not overrule its previous decision to the effect that ''A deed to timber becomes effective on its being signed and delivered, and in the absence of provisions to the contrary will not include such timber as grows subsequently so as to come within the meaning of the term as of the time of the cutting rather than the date of the conveyance.''

While the deed now in question conveys timber of every description, it is incumbent upon the grantees in the

deed to show that there still remains on the land timber of some description which was such as of the date of the execution of the deed according to the approved definitions of that term before they would be entitled to the injunctive relief prayed for, and in such event, the right to cut and remove will be limited thereto, as hereinbefore stated.

We appreciate the difficulty confronting the parties in regard to making the proof of the facts in the light of the foregoing views, but the fact remains that the deed, when executed in February, 1927, conveyed only the timber then "down, standing or growing" on the land.

. It was not competent, however, for the appellants, as grantors in the deed, to prove a prior or contemporaneous agreement that the grantees were to cut and remove the timber within a period less than that contracted for in the written conveyance.

The court below correctly held that the forfeited tax title of the land obtained by patent from the state by the appellants did not vest in them any timber that belonged to the appellees at the time of the sale of the land for taxes in 1932, and which may have constituted timber of some description at the date of the timber deed in question, since it was shown that the appellees paid the taxes on all of the timber for the year 1931 under an additional assessment.

Reversed and remanded.